# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARKINSON, et al., on behalf of themselves and all others similarly situated, | Case No.  SACV 06-345 AHS (MLGx) |
| | Honorable Alicemarie H. Stotler |
| Plaintiffs, | **CLASS ACTION** |
| v. | |
| HYUNDAI MOTOR AMERICA, INC., a California Corporation, | **SETTLEMENT AGREEMENT** |
| Hyundai. | |

SETTLEMENT AGREEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

1    This Settlement Agreement is entered into between Plaintiffs Michael Parkinson,

2  Wesley Gorman, Eric Matuschek, Donn Schroeder, and Michael Sano, on the one hand,

3  and Defendant Hyundai Motor America, Inc. ("Hyundai"), on the other.

4  **I.    DEFINITIONS**

5      **A.    "Action"**

6      "Action" means the class action lawsuit *Parkinson v. Hyundai Motor*

7  *America*, SACV 06-345 (C.D.Cal.), which includes the following consolidated

8  cases:

9          1.    *Gorman v Hyundai*, CV06-2553 AHS(MLGx);

10         2.    *Schroeder v Hyundai*, CV06-2572 AHS(MLGx);

11         3.    *Sano v Hyundai*, CV06-2817 AHS(MLGx); and

12         4.    *Stark v Hyundai*, CV06-3161 AHS(MLGx).

13     **B.    "Claim"**

14     A "Claim" is a request for reimbursement under this Agreement.  A potentially

15  valid Claim will consist of

16         1.    A completed Claim Form;

17         2.    Proof of Repair Expense; and

18         3.    Proof of a Rental Expense (optional).

19     **C.    "Claim Form"**

20     "Claim Form" refers to a form for requesting expense reimbursement under this

21  Agreement, substantially in the form attached hereto as Exhibit A-2.

22     **D.    "Claims Deadline"**

23     "Claims Deadline" refers to the last day that a Class Member may submit a

24  Claim under this Agreement.  The Claims Deadline is within one hundred and twenty

25  (120) days of final approval, unless the Class Member is denied warranty coverage for a

26  repair or replacement of Flywheel/Clutch Parts after the Mailed Notice; in that case, the

27  Claims Deadline is 60 days from the date warranty coverage is denied or 120 days of

28  final approval, whichever is later.

1

**E.     "Class"**

"Class" refers to the class certified in this Action on November 6, 2008, defined as:
"All current or former owners or lessees of a manual-transmission 2003 Tiburon GT,
produced on or before April 1, 2003, who paid for a replacement to the flywheel
assembly, clutch disc assembly, clutch cover assembly, or clutch release bearing within
the applicable warranty period.  Excluded from the Class are all claims for personal
injury.  Also excluded from the Class are Hyundai and Hyundai Motor Company; any
affiliate, parent, or subsidiary of Hyundai or Hyundai Motor Company; any entity in
which Hyundai or Hyundai Motor Company has a controlling interest; any officer,
director, or employee of Hyundai or Hyundai Motor Company; any successor or assign of
Hyundai or Hyundai Motor Company; anyone employed by counsel for Plaintiff in this
action; and any Judge to whom this case is assigned as well as his or her immediate
family and staff; and anyone who purchased a Class Vehicle for the purpose of resale."

The parties agree, for the purposes of this Agreement only, that "the applicable
warranty period" in the class definition means:  (a)  For lessees or then-original owners,
10 years from the date of original delivery or date of first use, or 100,000 miles,
whichever occurs first; or (b) for subsequent purchasers, 5 years from the date of original
delivery or date of first use, or 60,000 miles, whichever occurs first.

**F.     "Class Counsel"**

"Class Counsel" are Eric H. Gibbs of Girard Gibbs LLP and Norman E. Siegel of
Stueve Siegel Hanson LLP, who were appointed by the Court to represent the Class in its
November 6, 2008 class certification order.

**G.     "Class Member"**

A "Class Member" is a person who falls within the definition of the Class and does
not validly opt out of the Class pursuant to the procedure set forth in the Court's
Preliminary Approval Order.

SETTLEMENT AGREEMENT
CASE NO. SACV 06-345 AHS (MLGx)

**H.    "Class Vehicle"**

A "Class Vehicle" is any manual-transmission 2003 Hyundai Tiburon GT, produced on or before April 1, 2003.

**I.    "Communication to Hyundai Dealerships"**

"Communication to Hyundai Dealerships" means a communication agreed to by the Class Counsel and Hyundai that Hyundai will provide its dealers explaining that the dealers will receive inquiries from Class members requesting repair records, including by way of a standardized Request for Repair Records (a copy of which will be included), requesting that the dealers act cooperatively in assisting Class members with such requests, and providing the dealerships with the necessary information so that the repair records can be forwarded to the Hyundai claims administrator.

**J.    "Effective Date"**

"Effective Date" means the first date after the Court enters a Final Order and Judgment, substantially in the form attached hereto as Exhibit B, and all appellate rights with respect to said Final Order and Judgment, other than those related to any award of attorneys' fees, costs, or incentive payments, have expired or been exhausted in such a manner as to affirm the Final Order and Judgment.

**K.    "Flywheel/Clutch Parts"**

"Flywheel/Clutch Parts" refers to a Class Vehicle's flywheel assembly, clutch disc assembly, clutch cover assembly, and clutch release bearing.

**L.    "Follow Up Request"**

"Follow-Up Request" means a request from Hyundai to a Hyundai dealership or Hyundai-authorized repair facility identified on a Class Member's Request for Repair Records, asking the Hyundai dealership or Hyundai-authorized repair facility to provide Proof of Repair Expense.

SETTLEMENT AGREEMENT
CASE NO. SACV 06-345 AHS (MLGx)

**M.    "Proof of Repair Expense"**

"Proof of Repair Expense" shall take the form of a receipt, invoice, or other contemporaneous record of expenses incurred, as long as that document identifies the sum paid by (or on behalf of) the Class Member and indicates that the repair involved Flywheel/Clutch Parts.  For repairs performed at a Hyundai Dealership or Hyundai authorized service facility, Proof of Repair Expense may come from the Class Member or with the Class Member's written consent from the Class Member's Hyundai Dealership or Hyundai authorized service facility.

**N.    "Proof of Rental Expense"**

"Proof of Rental Expense" shall take the form of a receipt, invoice, or other documentation of expenses incurred for the rental of a vehicle during the time period that a repair involving Flywheel/Clutch Parts was performed.

**O.    "Request for Repair Records"**

"Request for Repair Records" refers to a form requesting Proof of Repair Expense that the Class Member may send to a Hyundai Dealership or Hyundai authorized service facility, substantially in the form attached hereto as Exhibit A-3.

**II.    SETTLEMENT CONSIDERATION**

In consideration for the dismissal of the Action with prejudice and the Mutual Release provided below, Hyundai agrees to provide the following consideration to the Class.

**A.    Repair Expense Reimbursements**

Hyundai will reimburse Class Members who meet the Qualifications for Reimbursement (listed below) in full for expenses they incur or have incurred for the repair and/or replacement of Flywheel/Clutch Parts, subject to the following limitations:

1.    For repair involving replacement of Original Equipment Manufacturer (OEM) parts with non-OEM parts, Hyundai will reimburse the Class Member the lesser of the manufacturers suggested retail price of the OEM part as indicated by Hyundai's published price list to dealers at the time of the repair, and the actual cost of the non-

1  OEM component. The Class Member shall be entitled to a full reimbursement in all
2  other respects, subject to the additional limitations stated herein.

3       2.     For repairs rendered at a service facility other than a Hyundai dealership or
4  any other Hyundai-authorized service facility, Hyundai will reimburse the Class Member
5  for the lesser of the estimated retail price for said repairs as indicated by Hyundai's Labor
6  Times Standard and Hyundai's published price list to dealers at the time of the repair, and
7  the actual cost of the repair provided.   The Class Member shall be entitled to a full
8  reimbursement in all other respects, subject to the additional limitations stated herein.

9       3.     Hyundai will reimburse Class Members, up to a maximum of $150.00 per
10 Claim, for all rental expenses they incur or have incurred in connection with the repair
11 and/or replacement of Flywheel/Clutch Parts. To receive a rental expense
12 reimbursement, a Class Member must submit Proof of Rental Expense.

13      4.     For repairs rendered when the vehicle's mileage was between 0-50,000
14 miles, Hyundai will reimburse the Class Member 100% of the cost of the repair.

15      5.     For repairs rendered when the vehicle's mileage was between 50,001 -
16 75,000 miles, Hyundai will reimburse the Class Member 75% of the cost of the repair.

17      6.     For repairs rendered when the vehicle's mileage was between 75,001 -
18 100,000 miles, Hyundai will reimburse the Class Member 50% of the cost of the repair.

19      **C.**     **Costs of Administration and Notice**

20      Hyundai shall be responsible for providing notice to the Class and administering
21 the Settlement, and agrees to bear all costs related thereto.

22 **III.**     **CLAIMS ADMINISTRATION**

23      **A.**     **Qualifications for Reimbursement**

24      To receive benefits under this Agreement:

25      1.     A Class Member must mail a Claim to Hyundai's Customer Assistance
26 Center, at the address listed on the Claim Form, post-marked on or before the Claims
27 Deadline.

28      2.     The Claim must consist of:

      a.     A completed Claim Form;

      b.     Proof of Repair Expense, whether ultimately submitted by the Class Member directly or on his behalf by a Hyundai dealership or other facility; and

      c.     Proof of a Rental Expense (if applicable).

3.     The Claim must pertain to a repair or replacement involving Flywheel/Clutch Parts not fully reimbursed under Hyundai's warranty.

4.     If the repair was made at a Hyundai dealership or Hyundai-authorized repair facility, and the Class Member is not submitting a Proof of Repair Expense along with his or her Claim Form, the Class Member must submit a copy of a completed Request for Repair Records along with the completed Claim Form.

5.     If the repair was not made at a Hyundai dealership or Hyundai-authorized repair facility, the Class Member must attest that he or she took the Class Vehicle to a Hyundai dealership or called Hyundai or a Hyundai dealer regarding the repair, or was reasonably dissuaded from seeking repair under warranty. Any determination regarding whether the Class Member was reasonably dissuaded from seeking repair under warranty must be made based on the Class Member's attestation.

6.     The Class Vehicle was equipped with all OEM Flywheel/Clutch Parts at the time of the subject repair.

7.     The Class Vehicle was not materially modified at any time prior to the subject repair. "Materially modified" refers solely to changes to the vehicle that the Class Member implemented with the intent to increase the vehicle's torque output. In no event will any repair, replacement, or modification that an authorized Hyundai dealer or technician undertakes be deemed a material modification.

8.     The Class Vehicle was not subjected to street racing or track use at any time prior to the subject repair, which determination shall be based on the Class Member's attestation.

9.     The Class Vehicle was subject to warranty coverage at the time of the repair.

1     10.    The Class Member will authorize Hyundai to receive records from servicing
2    dealerships to confirm or substantiate the claim.

3    **B.**    **Review of Claims by Hyundai**

4    Upon receipt of a timely submitted Claim, Hyundai will review the Claim to
5    determine whether the Claim request meets all Qualifications for reimbursement in
6    Section (III)(A), and if so in what amount.

7    Within one hundred and twenty (120) days after receiving a Claim or thirty (30)
8    days after the Effective Date, which ever is later, Hyundai will send to the submitting
9    Class Member:

10    1.    If the Claim is approved, Hyundai shall send Reimbursement pursuant to
11    this Agreement.

12    2.    If the Claim is submitted with a Request for Repair Records and Hyundai
13    does not receive Proof of Repair Expense within thirty (30) days of receiving the Claim,
14    Hyundai shall make a Follow-Up Request for the Repair Records from the Hyundai
15    dealership or Hyundai-authorized repair facility identified on the Request for Repair
16    Records. Hyundai may make such requests in batches at thirty (30) day intervals. If,
17    within the one hundred and twenty (120) day period of receiving a Claim, Hyundai does
18    not receive the Proof of Repair Expense, it may meet its obligations under this
19    Agreement by communicating with the Class Member under Section (III)(B)(1) or
20    (III)(B)(3).

21    3.    If Hyundai refuses to approve the Claim, or refuses to provide 100% of the
22    reimbursement amount requested, a written explanation stating all reasons for the
23    decision, including the steps the Class Member can take to cure any alleged deficiency.
24    Class Members whose Claims are denied or reduced by Hyundai shall have thirty (30)
25    days after receiving notice of the decision to submit materials to cure the deficiencies
26    identified by Hyundai. Should Hyundai conclude that the Class Member's attempt to
27    cure is insufficient, Hyundai shall provide written notification of that determination and
28    all reasons supporting the determination within one hundred and twenty (120) days after

1   receiving the supplemental materials from the Class Member.  At least 30 days prior to
2   doing so, Hyundai shall send Class Counsel a copy of the written notification, along with
3   all communications received from the Class Member.  If within 15 days thereafter, Class
4   Counsel advises Hyundai that it disputes Hyundai's determination, Hyundai shall meet
5   and confer with Class Counsel in a good faith attempt to resolve the dispute prior to
6   notifying the Class member.  Hyundai's final notice to a Class Member of a rejection or
7   reduction of Claim shall also inform the Class Member that he or she may seek
8   arbitration review of Hyundai's determination by notifying Hyundai in writing, at an
9   address to be provided, of the Class Member's desire to do so, and that the expenses of
10  the arbitration review will be borne by Hyundai except where the arbitrator determines
11  that the Class Member acted in bad faith in pursuing arbitration review.

12       **C.**    **Payments To Class Members**

13       1.   Cash Option.  Hyundai shall mail all reimbursements under this Agreement
14  to Class Members at the address listed on their Claim Forms.  Unless the claimant selects
15  a non-cash option on his Claim Form, all reimbursements shall be made by debit card
16  redeemable for at least 90 days without any fees charged by HMA or the debit card issuer
17  at ATMs and merchants that accept Visa cards payable to the requesting Class Member.
18  The debit cards shall indicate their "use by" dates on their face.

19       2.   Non-Cash Options.  In lieu of cash reimbursement, qualifying claimants may
20  select the following alternative compensation:

21            a.    A non-transferable debit card redeemable (for one year from issuance)
22  for Hyundai goods and services at participating authorized Hyundai dealers in an amount
23  equal to 125% of the cash value of the qualifying claim.

24            b.    A voucher, non-transferable except among immediate family
25  members, redeemable (for one year from issuance) towards the purchase of a new
26  Hyundai vehicle in an amount equal to 175% of the cash value of the qualifying claim.
27  The voucher need not be presented or redeemed until the final sales price of the vehicle is
28  agreed to.

1    **D.    Notice to Class Members**

2    1.    <u>Mailed Notice</u>.  Within sixty (60) days after entry of the Preliminary

3    Approval Order, Hyundai shall cause individual notice, substantially in the form attached

4    hereto as Exhibit A-1, and the Claim Form and Request for Repair Records, substantially

5    in the form attached hereto as Exhibits A-2 and A-3, respectively, to be mailed to all

6    reasonably identifiable current and former owners and lessees of Class Vehicles

7    (hereafter, "Class Vehicle owners").  For purposes of identifying such persons, Hyundai

8    agrees to provide, to the extent it has not already done so, all names and addresses of

9    Class Vehicle owners, along with Class Vehicle VINs, to R.L. Polk & Company, who

10   shall be authorized to use that information to obtain the names and most current addresses

11   of Class Vehicle owners through state agencies.

12   Prior to mailing individual notice, Hyundai shall conduct an address search

13   through the United States Postal Service's National Change of Address database to

14   update the address information for Class Vehicle owners.  For each individual notice that

15   is returned as undeliverable, Hyundai shall conduct an advanced address search using

16   Hyundai's customer database information regarding the Class Vehicle owner to obtain a

17   deliverable address.

18   Hyundai shall diligently report to Class Counsel the number of individual notices

19   originally mailed to Class Vehicle owners; the number of individual notices initially

20   returned as undeliverable; the number of additional individual notices mailed after an

21   advanced address search; and the number of those additional individual notices returned

22   as undeliverable.

23   2. <u>Notice to Attorneys General</u>.  In compliance with the attorney general

24   notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10)

25   days after the Preliminary Approval Order is filed (i.e., entered by the Court), Hyundai

26   shall provide notice of this proposed Settlement to the Attorney General of the United

27   States, and the attorneys general of each state or territory in which a Class Member

28   resides.

### E.   Administrative Obligations

In connection with its administration of the Settlement, Hyundai shall maintain a record of all contacts from Class Members regarding the Settlement or a Claim and Hyundai's responses thereto.  During the first six (6) months after Hyundai completes the Mailing Notice process described above, Hyundai shall provide Class Counsel with monthly reports of such contacts and Hyundai's responses.  After expiration of the first six (6) months of the program, Hyundai shall provide these reports to Class Counsel on a quarterly basis through the end of 2011.

### F.   Alternative Dispute Resolution Program

Within sixty (60) days of receipt of Hyundai's final determination of a Claim, any Class Member dissatisfied with Hyundai's determination may seek arbitration review by a BBB Auto Line arbitrator by notifying Hyundai in writing that the Class Member requests arbitration review.  Hyundai shall promptly provide copies of all such requests to Class Counsel, and shall initiate arbitration proceedings with the BBB Auto Line, with the arbitration review to take place within 50 miles of the Class Member's home address. Hyundai shall be responsible for providing Class Counsel with copies of any communications concerning such arbitration review, and Class Counsel shall have the right to participate in any arbitration review telephonically or in person.

The expenses of the arbitration review will be borne by Hyundai, except where Hyundai's determination is upheld and the arbitrator determines that the Class Member acted in bad faith pursuing arbitration review.

## IV.   SETTLEMENT APPROVAL PROCESS.

### A.   Preliminary Approval of Settlement

Promptly after the execution of this Agreement, counsel for the parties shall jointly present this Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit A.

### B.   Final Approval of Settlement

If this Agreement is preliminarily approved by the Court, counsel for the parties

1  shall jointly present a motion requesting that the Court issue a Final Order and Judgment
2  directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the form
3  attached as Exhibit B.

4  **C.   Plaintiffs' Application For Attorneys' Fees and Incentive Awards**

5       Plaintiffs have not entertained any discussions or negotiations respecting an
6  appropriate award of attorneys' fees or costs.  Accordingly, the parties have not discussed
7  nor agreed on any award of attorneys' fees or reimbursement of costs to Class Counsel or
8  any incentive award to Plaintiffs.  Plaintiffs believe that such awards are appropriate
9  given the benefits achieved for the Class, and pursuant to the schedule set forth in the
10  Court's Preliminary Approval Order, will apply to the Court for an order awarding Class
11  Counsel reasonable attorneys' fees and reimbursement of their litigation expenses, and
12  awarding Plaintiffs reasonable incentive payments (the "Fee and Expense Application").
13  Hyundai has the right to oppose the Fee and Expense Application.  In no event will the
14  awards requested by Plaintiffs reduce the Class benefits provided for in this Agreement.

15       The procedure for and the grant or denial or allowance or disallowance by the
16  Court of the Fee and Expense Application are not part of the Settlement, and are to be
17  considered by the Court separately from the Court's consideration of the fairness,
18  reasonableness, and adequacy of the Settlement.  Any order or proceedings relating to the
19  Fee and Expense Application, or any appeal from any order related thereto or reversal or
20  modification thereof, will not operate to terminate or cancel this Agreement, or affect or
21  delay the Effective Date of this Agreement.

22  **D.   Mutual Release**

23       **1.   Release by Plaintiffs and Class Members**

24       Upon the Effective Date, the Plaintiffs and each Class Member shall be deemed to
25  have, and by operation of the Final Order and Judgment shall have, released, waived, and
26  discharged any and all legal claims or causes of action of any nature whatsoever,
27  including but not limited to any claim for violations of federal, state, or other law
28  (whether in contract, tort, or otherwise, including statutory, common law, property, and

1  equitable claims), including claims that have been or could have been asserted against

2  Hyundai, Hyundai Motor Company, and each of their past or present officers, directors,

3  employees, agents, attorneys, predecessors, successors, affiliates, dealers, subsidiaries,

4  divisions, and assigns in the Action or in any other complaint, action, or litigation in any

5  other court or forum which arise from or relate to the repair of Flywheel/Clutch Parts

6  within the applicable warranty period.

7      The Plaintiffs and Class Members expressly waive and relinquish, to the fullest

8  extent permitted by law, the provisions, rights, and benefits of § 1542 of the California

9  Civil Code, which provides: "A general release does not extend to claims which the

10  creditor does not know or suspect to exist in his favor at the time of executing the release,

11  which if known by him must have materially affected his settlement with the debtor."

12      Notwithstanding the foregoing, claims for personal injuries or damage to property

13  (other than to the Class Vehicle) allegedly caused by a defect in the Flywheel/Clutch

14  Parts, and the vehicle warranty, if any, shall remain in full force and effect.

15      **2.    Release by Hyundai**

16      Upon the Effective Date, Hyundai and Hyundai Motor Company and their past or

17  present officers, directors, employees, agents, attorneys, predecessors, successors,

18  affiliates, subsidiaries, divisions, and assigns, shall be deemed to have, and by operation

19  of the Final Order and Judgment shall have, released, waived, and discharged any and all

20  legal claims, cross-claims, counterclaims, or other causes of action of any nature

21  whatsoever against Plaintiffs, Class Member, or Class Counsel, including but not limited

22  to any claim for violations of federal, state, or other law (whether in contract, tort, or

23  otherwise, including statutory, common law, property, and equitable claims), arising from

24  or related to the repair of Flywheel/Clutch Parts or the litigation or settlement of this

25  Action.

26      Hyundai and Hyundai Motor Company and their past or present officers, directors,

27  employees, agents, attorneys, predecessors, successors, affiliates, subsidiaries, divisions,

28  and assigns, expressly waive and relinquish, to the fullest extent permitted by law, the

SETTLEMENT AGREEMENT
CASE NO. SACV 06-345 AHS (MLGx)

provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:
"A general release does not extend to claims which the creditor does not know or suspect
to exist in his favor at the time of executing the release, which if known by him must
have materially affected his settlement with the debtor."

## V.   Miscellaneous Provisions

### A.   Effect of Exhibits

The exhibits to this Agreement are an integral part of the settlement and are
expressly incorporated and made a part of this Agreement.

### B.   No Admission

This Agreement is for settlement purposes only. Neither the fact of, nor any
provision contained in this Agreement, nor any action taken hereunder, shall constitute,
or be construed as, any admission of the validity of any Claim or any fact alleged in the
Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of
Hyundai or any admissions by Hyundai of any Claim or allegation made in any action or
proceeding against Hyundai.  This Agreement shall not be offered or be admissible in
evidence against Hyundai, the Plaintiffs, or the Class Members or cited or referred to in
any action or proceeding, except in an action or proceeding brought to enforce its terms.

### C.   Entire Agreement

This Agreement represents the entire agreement and understanding among the
parties and supersedes all prior proposals, negotiations, agreements, and understandings
relating to the subject matter of this Agreement. The parties acknowledge, stipulate, and
agree that no covenant, obligation, condition, representation, warranty, inducement,
negotiation, or understanding concerning any part or all of the subject matter of this
Agreement has been made or relied on except as expressly set forth in this Agreement.
No modification or waiver of any provisions of this Agreement shall in any event be
effective unless the same shall be in writing and signed by the person or party against
whom enforcement of the Agreement is sought.

SETTLEMENT AGREEMENT
CASE NO. SACV 06-345 AHS (MLGx)

**D.     Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any party who has signed it, and all of which shall be deemed a single agreement.

**E.     Arm's-Length Negotiations**

The parties have negotiated all of the terms and conditions of this Agreement at arm's length. All terms, conditions, and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the parties in entering into this Agreement.

**F.     Continuing Jurisdiction.**

The parties agree the Court may retain continuing and exclusive jurisdiction over them, including all Class Members, for the purpose of the administration and enforcement of this Agreement.

**G.     Binding Effect of Settlement Agreement**

This Agreement shall be binding upon and inure to the benefit of the parties and their representatives, heirs, successors, and assigns.

**H.     Extensions of Time**

The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

**I.     Service of Notice**

Whenever, under the terms of this Agreement, a person is required to provide service or written notice to Hyundai or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing:

<u>As to Plaintiff:</u>

    Eric H. Gibbs
    Girard Gibbs LLP
    601 California Street, Suite 1400

14

San Francisco, CA 94108


Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112


As to Hyundai:

Todd E. Gordinier
Bingham McCutchen
600 Anton Boulevard, 18th Floor
Costa Mesa , CA 92626

**J.     Authority to Execute Settlement Agreement**

Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

IN WITNESS HEREOF, the parties have caused this Agreement to be executed, by their duly authorized attorneys, as of _January 28_ , 2010.


ON BEHALF OF PLAINTIFFS:



Eric H. Gibbs
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108




Norman E. Siegel
STUEVE SIEGEL HANSON LLP

15

SETTLEMENT AGREEMENT
CASE NO. SACV 06-345 AHS (MLGx)

San Francisco, CA 94108


Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112


<u>As to Hyundai</u>:

Todd E. Gordinier
Bingham McCutchen
600 Anton Boulevard, 18th Floor
Costa Mesa , CA 92626

**J.     Authority to Execute Settlement Agreement**

Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

IN WITNESS HEREOF, the parties have caused this Agreement to be executed, by their duly authorized attorneys, as of _____, 2010.


<u>ON BEHALF OF PLAINTIFFS</u>:



Eric H. Gibbs
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108


Norman E. Siegel
STUEVE SIEGEL HANSON LLP

SETTLEMENT AGREEMENT
CASE NO. SACV 06-345 AHS (MLGx)

1

460Nichols Road, Suite 200
Kansas City, Missouri 64112

2

3  ON BEHALF OF HYUNDAI MOTOR AMERICA, INC. AND HYUNDAI

4  MOTOR COMPANY:

5

6

7                                    Jason R. Erb

8                                    Assistant General Counsel

9                                    Director, Litigation
                                    HYUNDAI MOTOR AMERICA, INC.

10                                   10550 Talbert Avenue

11                                   Fountain Valley, CA 92708

12

13

14

15                                   Todd E. Gordinier

16                                   BINGHAM MCCUTCHEN LLP
                                    600 Anton Boulevard, 18th Floor

17                                   Costa Mesa, CA 92626

18

19

20

21

22

23

24

25

26

27

28

16

SETTLEMENT AGREEMENT
CASE NO. SACV 06-345 AHS (MLGx)

# EXHIBIT A

1  Eric H. Gibbs (State Bar No. 178658)
   ehg@girardgibbs.com
2  Dylan Hughes (State Bar No. 209113)
   dsh@girardgibbs.com
3  Geoffrey A. Munroe (State Bar No. 228590)
   gam@girardgibbs.com
4  **GIRARD GIBBS LLP**
5  601 California Street, 14th Floor
   San Francisco, California  94108
6  Telephone:  (415) 981-4800
   Facsimile:   (415) 981-4846
7
8  Norman E. Siegel
   siegel@stuevesiegel.com
9  Todd Hilton
   hilton@stuevesiegel.com
10 **STUEVE SIEGEL HANSON LLP**
11 460 Nichols Road, Suite 200
   Kansas City, MO 64112
12 Telephone: (816) 714-7100
   Facsimile: (816) 714-7101
13
14 *Co-Lead Class Counsel*

15         **UNITED STATES DISTRICT COURT**
16         **CENTRAL DISTRICT OF CALIFORNIA**

17 MICHAEL PARKINSON, et al., on          Case No.  SACV 06-345 AHS (MLGx)
   behalf of themselves and all others
18 similarly situated,                     Honorable Alicemarie H. Stotler
19                  Plaintiffs,            **[PROPOSED] ORDER GRANTING**
20            v.                           **PRELIMINARY APPROVAL OF CLASS**
                                           **SETTLEMENT**
21 HYUNDAI MOTOR AMERICA,
   INC., a California Corporation,
22
23                  Hyundai.
24
25
26
27
28

1    The parties to this litigation have entered into a Settlement Agreement dated

2  January 28, 2010, which if approved, would resolve this certified class action.  Plaintiffs

3  have filed a motion for preliminary approval of the Settlement Agreement, which

4  Defendant Hyundai Motor America, Inc. ("Hyundai") supports.  The Court has read and

5  considered the Settlement Agreement and all exhibits thereto, including the proposed

6  class notice and claim form, and finds there is sufficient basis for granting preliminary

7  approval of the Settlement Agreement, directing that notice be disseminated to the Class,

8  and setting a hearing at which the Court will consider whether to grant final approval of

9  the Settlement.

10    IT IS HEREBY ORDERED that:

11    1.    Pursuant to this Court's class certification order of November 6, 2009, the

12  Class has been defined as:

13       All current or former owners or lessees of a manual-transmission 2003
         Tiburon GT, produced on or before April 1, 2003, who paid for a
14       replacement to the flywheel assembly, clutch disc assembly, clutch cover
         assembly, or clutch release bearing within the applicable warranty period.
15

16       Excluded from the Class are all claims for personal injury.  Also excluded
17       from the Class are Hyundai and Hyundai Motor Company; any affiliate,
         parent, or subsidiary of Hyundai or Hyundai Motor Company; any entity
18       in which Hyundai or Hyundai Motor Company has a controlling interest;
         any officer, director, or employee of Hyundai or Hyundai Motor
19       Company; any successor or assign of Hyundai or Hyundai Motor
20       Company; anyone employed by counsel for Plaintiff in this action; and
         any Judge to whom this case is assigned as well as his or her immediate
21       family and staff; and anyone who purchased a Class Vehicle for the
22       purpose of resale.

23  For purposes of the Settlement Agreement, the parties have agreed that "the applicable

24  warranty period" in the class definition means:  (a) for lessees or then-original owners,

25  10 years from the date of original delivery or date of first use, or 100,000 miles,

26  whichever occurs first; or (b) for subsequent purchasers, 5 years from the date of

27  original delivery or date of first use, or 60,000 miles, whichever occurs first.

28

1

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

2.      Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

3.      The Court preliminarily approves the proposed Settlement Agreement, finding that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the Class.  The Court finds that the Settlement Agreement contains no obvious deficiencies and that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation between their respective counsel.

4.      The Court hereby approves the form and procedures for disseminating notice of the proposed settlement to the Class set forth in the Settlement Agreement.  The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

5.      On or before April 12, 2010, Hyundai shall cause individual notice, substantially in the form attached hereto as Exhibit 1, along with the Claim Form and Request for Repair Records, substantially in the form attached hereto as Exhibits 2 and 3, to be mailed to all reasonably identifiable current and former owners and lessees of Class Vehicles ("Class Vehicle owners").  For purposes of identifying such persons, Hyundai shall provide, to the extent it has not already done so, all names and address of Class Vehicle owners, along with Class Vehicle VINs, to R.L. Polk & Company.

6.      R.L. Polk & Company is hereby authorized to use the information provided by Hyundai to obtain the names and most current addresses of Class Vehicle owners through state agencies.  Any state agency in possession of names or addresses of Class Vehicle owners is hereby authorized and directed to release that information to R.L. Polk & Company upon request.

7.      Within 10 days after entry of this Order, Hyundai shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the

2

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

appropriate federal official and the appropriate State official of each State in which a
Class Member resides.  Hyundai shall also provide copies of its submissions to Class
Counsel.

8.    As set forth in the Settlement Agreement, Hyundai shall bear all costs and
expenses in connection with providing notice to the Class and administering the proposed
settlement.

9.    A hearing on entry of final approval of the Settlement Agreement, an award
of fees and expenses to Class Counsel, and incentive payments to the named Plaintiffs
(the "Fairness Hearing") shall be held at 10 a.m. on June 14, 2010, before the
undersigned in Courtroom 10A of the United States District Court for Central District of
California, 411 West Fourth Street, Santa Ana, CA, 92701.  At the Fairness Hearing, the
Court will consider: (a) whether the Settlement should be approved as fair, reasonable,
and adequate for the class; (b) whether a judgment granting approval of the Settlement
and dismissing the lawsuit with prejudice should be entered; and (c) whether Class
Counsel's application for attorneys' fees and expenses and incentive awards for the
named Plaintiffs should be granted.

10.    Any Class Member shall have the right to opt out of the Class and the
settlement by sending a written request for exclusion from the Class to the addresses
listed in the Notices, postmarked no later than May 17, 2010.  To be effective, the request
for exclusion must: (a) include the Class Member's full name, address, telephone
number, and signature and (b) state his or her desire to be excluded from the Class.  Any
Class Member who does not submit a timely and valid request for exclusion shall be
subject to and bound by the Settlement Agreement and every order or judgment entered
concerning the Settlement Agreement.

11.    Counsel for the respective parties shall file memoranda, declarations, or
other statements and/or materials in support of the request for final approval of the
parties' Settlement, no later than May 3, 2010.

3

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

12.     Class Counsel shall file an application for an award of attorneys' fees and costs and for an incentive award to the named Plaintiffs ("Fee Application") no later than May 3, 2010.

13.     Hyundai shall file any response to the Fee Application no later than May 17, 2010.

14.     Any member of the Class who intends to object to final approval of the Settlement Agreement or the Fee Application must, on or before May 17, 2010, file any such objection with the Court, and provide copies of the objection or comment to: (1) Girard Gibbs LLP, c/o Hyundai Flywheel Objection, 601 California Street, 14th Floor, San Francisco, CA 94108 or Stueve Siegel Hanson LLP, c/o Hyundai Flywheel Objection, 460 Nichols Road, Suite 200, Kansas City, MO 64112; and (2) Bingham McCutchen LLP, c/o Todd E. Gordinier, 600 Anton Blvd., 18th Floor Costa Mesa, CA 92626.  Each objection must include the Class Member's name, address, and signature; the Class Member's vehicle make, model, year and VIN number; and (if the repair was not conducted at a Hyundai dealership) proof of expense related to a clutch or flywheel repair covered by the settlement.  Additionally, each objection must state whether the Class Member intends to appear in person, or through counsel, at the Fairness Hearing and the reasons for his or her objection to final approval of the Settlement Agreement or to the Fee Application.  If the Class Member intends to appear through counsel, the objection must identify all attorneys representing him or her who will appear at the Fairness Hearing.

15.     To appeal from any provision of the order approving the Settlement as fair, reasonable and adequate, the award of incentive payments, or to the award of reasonable attorneys fees and expenses paid by Defendant and awarded to Class Counsel, a Class Member must file a timely written objection and appear in person or through counsel at the Fairness Hearing, or seek leave of Court excusing such appearance prior to the Fairness Hearing.

4

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

16.     No later than May 31, 2010, the parties shall file any reply in support of final approval of the Settlement Agreement and Class Counsel shall file any reply in support of the Fee Application.

17.     The Court reserves the right to continue the date of the Fairness Hearing and related deadlines.  In that event, the revised hearing date and/or deadlines shall be posted on the settlement website referred to in the class notice, and the parties shall not be required to re-send or re-publish class notice.

Dated: _____          _____

Hon. Alicemarie H. Stotler
United States District Court Judge

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Parkinson v. Hyundai Motor America     )     Case No. SACV 06-345 AHS (MLGx)
)

**NOTICE OF CLASS ACTION SETTLEMENT**

TO: ALL CURRENT OR FORMER OWNERS AND LESSEES OF MANUAL TRANSMISSION, 2.7
    LITER ENGINE 2003 HYUNDAI TIBURON VEHICLES PRODUCED ON OR BEFORE APRIL 1,
    2003:

# If you bought or leased a manual transmission, 2.7-liter engine 2003 Hyundai Tiburon produced on or before April 1, 2003, your rights may be affected by a class action settlement.  If you paid to replace your vehicle's clutch or flywheel parts installed in the vehicle, you may be entitled to a cash payment.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- Subject to specific terms and conditions, the settlement will pay claims to owners and lessees of manual-transmission 2003 Hyundai Tiburon GT vehicles produced on or before April 1, 2003 ("Class Vehicle"), who paid for a replacement to clutch or flywheel parts, within 10 years or 100,000 miles (5 years or 60 miles if purchased used).
- The claims in this lawsuit stem from allegations that the clutch and flywheel parts installed in the 2003 Tiburon GT are defective and that Hyundai knew of these defects, but failed to disclose them to consumers.  Hyundai denies these allegations.
- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
| --- | --- |
| **SUBMIT A CLAIM FORM** | **The only way to get cash payment.**<br>If you submit a valid and timely Claim Form, along with the valid proofs required in the Claim Form, you will receive a cash settlement payment.  A properly completed Claim Form must be postmarked **no later than _____.** |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no benefits from it.  Keep rights.**<br>If you ask to be excluded you will receive no money or benefits in this lawsuit, but you will maintain the right to sue Hyundai separately about the same legal claims in this lawsuit. |
| **COMMENT OR OBJECT** | **Write to the Court about why you like or don't like the settlement.**<br>You may write the Court indicating why you like or dislike the settlement. You must remain a member of the lawsuit (you cannot ask to be excluded) in order to object to the settlement. |

| **DO NOTHING** | **Get no payment.  Give up rights.**<br>By doing nothing, you will not share in the benefits of the class action settlement.  And, you will give up any rights to sue Hyundai separately about the same legal claims in this lawsuit. |
|---|---|

- These rights and options—**and the deadlines to exercise them—**are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

**BASIC INFORMATION**

1.    What is the purpose of this notice?
2.    What is this class action lawsuit about?
3.    What is a class action lawsuit and who is involved?
4.    Why is this lawsuit a class action?

**WHO IS IN THE CLASS?**

5.    Am I part of this Class?
6.    I'm still not sure if I am included.
7.    What do I get?

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

8.    What if I had multiple clutch or flywheel repairs?
9.    How can I get payment?
10.   What happens if I do not return a completed Claim Form or documentation by the postmarked date?
11.   When do I get my payment?
12.   What am I giving up to get a payment and stay in the Class.

**IF YOU WANT TO EXCLUDE YOURSELF FROM THE LAWSUIT**

13.   How do I get out of this settlement?
14.   Why would I ask to be excluded?
15.   If I don't exclude myself, can I sue Hyundai later?
16.   If I exclude myself can I get money from this Settlement?

**THE LAWYERS REPRESENTING YOU**

17.   Do I have a lawyer in this case?
18.   Should I get my own lawyer?
19.   How will the lawyers be paid?

**SUBMITTING A COMMENT IN FAVOR OR, OR IN OPPOSITION TO, THE SETTLEMENT**

20.   How do I tell the Court that I like or do not like the settlement?
21.   What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**

22.   When and where will the Court decide to approve the settlement?
23.   Do I have to come to the hearing?
24.   May I speak at the hearing?

**IF YOU DO NOTHING**

25.   What happens if I do nothing at all?

**GETTING MORE INFORMATION**

26.   Are there more details available?

## BASIC INFORMATION

| 1.  What is the purpose of this notice? |
| --- |

The Court authorized this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement, at the conclusion of the case Hyundai will make the payments that the settlement allows. You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The Honorable Alicemarie H. Stotler of the United States District Court for the Central District of California is the federal judge overseeing this lawsuit.  The lawsuit is known as Michael Parkinson, et al. v. Hyundai Motor America, Inc., Case No. SACV 06-345 AHS (MLGx).

| 2.  What is this class action lawsuit about? |
| --- |

This lawsuit is about whether Hyundai failed to disclose that the clutch and flywheel parts in Class Vehicles were defective when Hyundai sold the vehicles and if such non-disclosure violated the California Consumers Legal Remedies Act, Civil Code § 1750 *et seq.* and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* You can read Plaintiffs' Class Action Complaint at: www.GirardGibbs.com/hyundai.asp.

| 3.  What is a class action lawsuit and who is involved? |
| --- |

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case, Michael Parkinson, Eric Matuschek, Donn Schroeder, and Michael Sano) sue on behalf of other people who have similar claims. All of these people together are called a "Class" or "Class Members." Class Representatives—and all Class Members like them—are called the Plaintiffs. The company they sued (in this case Hyundai) is called the Defendant. One Court resolves the factual questions and legal issue for everyone in the Class-except for those people who choose to exclude themselves from the Class.

| 4.  Why is this lawsuit a class action? |
| --- |

The Court decided that this lawsuit can proceed as a class action and move towards trial as a class action because it meets certain procedural requirements (set out in Federal Rule of Civil Procedure 23), that govern class actions in federal courts. Specifically, the Court found that:

- There are legal questions and facts that are common to each Class Member;
- Class Representatives' claims are typical of the claims of the rest of the Class;
- Class Representatives and the lawyers representing the Class will represent the Class' interests fairly and adequately;
- The legal questions and facts that are common to the class are more important than the questions that affect only some individuals; and
- This class action will be more effective than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the <u>Court's Order Certifying the Class</u>, which is available at **www.GirardGibbs.com/hyundai.asp.**

## WHO IS IN THE CLASS?

| 5. **Am I part of this Class?** |
|---|

Judge Stotler decided that all current and former owners and lessees of a manual-transmission 2003 Tiburon GT, produced on or before April 1, 2003, who paid for a replacement of clutch or flywheel parts (flywheel assembly, clutch disc assembly, clutch cover assembly, or clutch release bearing) during the applicable warranty period are Class Members.

The settlement reached on behalf of the Class will include members of the Class who submit a valid Claim Form with the required documentation described in the Claim Form. You **must** submit a receipt that shows you paid for a replacement or repair to flywheel or clutch assembly. If this repair or replacement was made at a Hyundai dealership, you the receipt may come from you or with your written consent from the Hyundai Dealership or Hyundai authorized service facility that performed the repair. You are also eligible for reimbursement of rental car costs incurred because of the repair. A receipt **must** be submitted for rental car reimbursement.

| 6. **I'm still not sure if I am included.** |
|---|

If you are still not sure whether you are included, you can get free help at **www.GirardGibbs.com/hyundai.asp** or by calling or writing the lawyers in this case at the phone number and address listed in question 19, below.

## THE SETTLMENT BENEFITS – WHAT YOU GET

| 7. **What do I get?** |
|---|

If you paid for a repair or replacement to the flywheel or clutch assembly, you will be able to choose between a cash and non-cash options. The cash option consists of a debit card for 100% of the qualifying claim, which is redeemable for at least 90 days without any fees charged by HMA or the debit card issuer at ATMs and merchants that accept Visa cards. The non-cash options consist of (1) a non-transferable debit card redeemable (for one year from issuance) for Hyundai goods and services at participating authorized Hyundai dealers in an amount equal to 125% of the cash value of the qualifying claim, or (2) a voucher, non-transferable except among immediate family members, redeemable (for one year from issuance) towards the purchase of a new Hyundai vehicle in an amount equal to 175% of the cash value of the qualifying claim.

The reimbursed amount will be adjusted based upon the number of miles your vehicle had at the time of the repair, according to the following table:

| Miles | % payment |
|---|---|
| 0-50,000 | 100% |
| 50,001-75,000 | 75% |
| 75,001-100,000 | 50% |

If your repair involved the replacement of Original Equipment Manufacturer (OEM) parts with non-OEM parts, Hyundai will reimburse you the lesser of the manufacturers suggested retail price of the OEM part as indicated by Hyundai's published price list to dealers at the time of the repair, and the actual cost of the non-OEM component.  If your repairs were rendered at a service facility other than a Hyundai dealership or any other Hyundai-authorized service facility, Hyundai will reimburse the you for the lesser of the estimated retail price for said repairs as indicated by Hyundai's Labor Times Standard and Hyundai's published price list to dealers at the time of the repair, and the actual cost of the repair provided.   You are also eligible for reimbursement of rental car expenses incurred because of the repair.

You will not be reimbursed for any amount paid for by your HMA warranty.  You will not be reimbursed if your Tiburon was materially modified with the intent to increase the vehicle's torque output at any time prior to the repair or if it was used in street or track racing.

## 8.   What if I had multiple clutch or flywheel repairs?

If you had multiple clutch or flywheel repairs you need to submit a claim form for each repair you believe is eligible for reimbursement under this settlement.

## 9.   How can I get payment?

**To be paid, you must properly complete and return a Claim Form.**

A Claim Form is attached to this notice.  Please read the Claim Form carefully.  You must fully complete the Claim Form in order to receive payment.   A properly completed Claim Form must be postmarked **no later than _____.** You can also get a Claim Form on the Internet at **www.hyundai.com/tiburonclutch**.

Please also keep in mind the following points:

- You must provide a receipt for your claimed clutch or flywheel repairs.  This receipt must (1) contain the amount actually paid by you or on your behalf; and (2) show that clutch and/or flywheel parts were replaced.  For repairs performed at a Hyundai Dealership or Hyundai authorized service facility, proof of repair expense may be provided to you or Hyundai by the dealership or authorized facility directly, following your written consent.  You may provide consent using the enclosed Request for Repair Records, which you will need to address and mail to the Hyundai Dealership or Hyundai

authorized service facility that repaired your vehicle.
- If you paid for rental car expense that you would like partial reimbursement for, you must provide a receipt with your completed Claim Form.
- If you did not receive this notice by direct mail (for example, if you downloaded it from the Internet), you must provide proof of vehicle ownership with your completed Claim Form.

| 10. | What happens if I do not return a completed Claim Form or documentation by the postmarked date? |
|---|---|

If you do not submit a valid Claim Form and/or the requested documents by _____, then your Claim Form will be deemed invalid and you will not receive any payment. If you do nothing at all (you do not submit a Claim Form or documentation and you do not exclude yourself), you will not receive any payment, you will release your legal rights as to the claims raised in this case, and you will not be able to sue Hyundai over these claims.

| 11. | When do I get my payment? |
|---|---|

The Court will hold a fairness hearing on _____, to decide whether to find the settlement fair, reasonable and adequate for the Class members. If Judge Stotler approves the settlement, there may be appeals which may delay the conclusion of the case.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the settlement.   You may periodically check www.hyundai.com/tiburonclutch for the latest status.

| 12. | What am I giving up to get a payment and stay in the Class. |
|---|---|

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Hyundai about the same legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form, you will release your legal rights as to the claims raised in this case, and you will not be able to sue Hyundai over these claims.

## IF YOU WANT TO EXCLUDE YOURSELF FROM THE LAWSUIT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Hyundai, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the settlement Class.

| 13. | How do I get out of this settlement? |
|---|---|

To exclude yourself from the settlement, you must send a letter by U.S. mail (or an express mail carrier) saying that you want to be excluded from *Michael Parkinson, et al. v. Hyundai Motor America, Inc.*, Case No. SACV 06-345 AHS (MLGx).  Be sure to

include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than_____, to:

**SETTLEMENT ADMINISTRATOR**
Attention: Exclusion Request
Hyundai Motor America
Hyundai Tiburon Class Action Settlement Center
P.O. Box 20850
Fountain Valley, CA 92828-0850

You cannot exclude yourself on the phone or by e-mail. If you submit your request to be excluded by U.S. mail or express mail, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Hyundai in the future.

| 14. **Why would I ask to be excluded?** |
|---|

If you already have your own lawsuit against Hyundai for the same claims and want to continue with it, you need to ask to be excluded from the Class.  If you exclude yourself from the Class—which also means to remove yourself from the Class, and is sometimes called "opting out" of the Class—you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Hyundai and the Plaintiffs. However, you may then be able to sue or continue to sue Hyundai for the same claims. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Hyundai after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.  If you choose to exclude yourself so you can start your own lawsuit against Hyundai, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

| 15. **If I don't exclude myself, can I sue Hyundai later?** |
|---|

No, not for the same legal claims as here. Unless you exclude yourself, you give up the right to sue Hyundai for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____.

| 16. **If I exclude myself can I get money from this Settlement?** |
|---|

No. If you exclude yourself, you should not submit a Claim Form to ask for money from the class action settlement. You cannot do both.  But, you may sue, continue to sue, or be part of a different lawsuit against Hyundai.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**

The Court has decided that the law firms Girard Gibbs LLP of San Francisco, California, and Stueve Siegel Hanson LLP of Kansas City, Missouri, are qualified to represent you and all Class Members.  Together these law firms are called "Class Counsel."  They are experienced in handling similar cases against other automotive manufacturers.  More information about these law firms, their practices, and their lawyers' experience is available at www.GirardGibbs.com and www.stuevesiegel.com.

**18. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you may have to pay that lawyer.  For example, you can ask your own lawyer to appear on your behalf in Court if you want someone other than Class Counsel to speak for you.

**19. How will the lawyers be paid?**

Class Counsel has prosecuted this case on a contingency basis.  They have not received any fees or reimbursement for any of the expenses associated with this case.  Class Counsel will request fees and expenses from the Court.  Any fees and expenses awarded by the Court will be paid separately by Hyundai.  You won't have to pay these fees and expenses and any fees and expenses awarded will not affect your settlement amount.

## SUBMITTING A COMMENT IN FAVOR OF, OR IN OPPOSITION TO, THE SETTLEMENT

You can tell the Court that you do or do not agree with the settlement or some part of it.

**20. How do I tell the Court that I like or do not like the settlement?**

If you are a Class Member, you can tell the Court you like the settlement and it should be approved, or that you object to the settlement if you do not like any part of it. To object, you must send a letter saying that you are commenting on the settlement in *Michael Parkinson, et al. v. Hyundai Motor America, Inc.*, Case No. SACV 06-345 AHS (MLGx), and you must include your name, address, telephone number and signature.  The Court will consider all comments from class members.  If you intend to appear at the fairness hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the fairness hearing.  To appeal from any provision of the order approving the Settlement as fair, reasonable and adequate, the award of incentive payments, or to the award of reasonable attorneys fees and expenses paid by Defendant and awarded to Class Counsel, you must appear in person, or through your counsel, or seek leave of Court excusing such appearance prior to the fairness hearing, or as otherwise may be permitted by the Court at the fairness hearing.  In addition, you must include your name, address, vehicle make, model, year and VIN number, proof of expense related to a clutch or flywheel repair covered by this settlement (if the repair was not done at a Hyundai dealership), telephone number, your

signature, and the reasons you object to the settlement.  Be sure to send your objection to these three different places set forth below such that it is *received* no later than _____:

| No. 1 Court | No. 2 Class Counsel | No. 3 Defense Counsel |
|---|---|---|
| Clerk of the Court, United States District Court, Central District of California 411 West Fourth Street, Room 1053 Santa Ana, CA 92701-4516 | **GIRARD GIBBS LLP** c/o Hyundai Flywheel Objection 601 California Street, 14th Floor San Francisco, CA 94108 OR **STUEVE SIEGEL HANSON LLP** c/o Hyundai Flywheel Objection 460 Nichols Road, Suite 200 Kansas City, MO 64112 | **BINGHAM McCUTCHEN LLP** c/o Todd E. Gordinier 600 Anton Blvd., 18th Floor Costa Mesa, CA 92626 |

If you do not submit a written comment on the proposed settlement or the application of Class Counsel for incentive awards, attorneys' fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the fairness hearing and to appeal from any order or judgment of the Court concerning the matter.

### 21. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to attend or speak.

### 22. When and where will the Court decide to approve the settlement?

The Court will hold a Fairness Hearing at \_\_\_\_a.m. on _____, at the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA, 92701-4516 in Courtroom 10A. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Stotler will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 23. **Do I have to come to the hearing?** |
| --- |

No. Class Counsel will answer questions Judge Stotler may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you sent your written objection such that it is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 24. **May I speak at the hearing?** |
| --- |

If you do not exclude yourself, you may also ask the Court for permission to speak at the hearing concerning the proposed settlement or the application of Plaintiffs' counsel for attorneys' fees and expenses.  To do so, you must send in a letter saying that it is your notice of your intention to appear at the fairness hearing in *Michael Parkinson, et al. v. Hyundai Motor America, Inc.*, Case No. SACV 06-345 AHS (MLGx).  The letter must state the position you intend to present at the hearing, state the identities of all attorneys who will represent you, and must include your include your name, address, telephone number, the vehicle's make, model, year and VIN Numbers, proof of expense related to a flywheel repair covered by this settlement (if the repair was not done at a Hyundai dealership), and your signature. You must send your notice to the Clerk of the Court, Class Counsel, and defense counsel at the three addresses listed under question 20 above, such that it is received no later than _____.  You may combine this notice and your comment (described under question 20) in a single letter.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 25. **What happens if I do nothing at all?** |
| --- |

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Hyundai about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 26. **Are there more details available?** |
| --- |

Visit the website **www.GirardGibbs.com/hyundai.asp**, where you will find the Court's Order Certifying the Class, the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint.  Claim Forms, Exclusion Request Forms, and updates regarding the case will be available at **www.hyundai.com/tiburonclutch**.

You may also call and speak to the Settlement Administrator at [insert 800 number] or write to Class Counsel at:

GIRARD GIBBS LLP
c/o Hyundai Flywheel Objection
601 California Street, 14th Floor
San Francisco, CA 94108

STUEVE SIEGEL HANSON LLP
c/o Hyundai Flywheel Objection
460 Nichols Road, Suite 200
Kansas City, MO 64112

# EXHIBIT 2

# CLAIM FORM

*Parkinson v. Hyundai Motor America inc.*, Case No. SACV 06-345 AHS (MLGx) (C.D.Cal.)

If you have multiple repairs, submit <u>one Claim Form per repair</u>.

**Complete and mail this claim form to:**   Hyundai Tiburon Class Action Settlement Center
P.O. Box 20850
Fountain Valley, CA. 92828-0850

## Contact and Vehicle Information

To receive a reimbursement, provide your current contact information and your vehicle information below:

Name: _____

Address: _____

City: _____

State: _____   Zip-code:_____

Telephone: (___)_____

VIN:_____

## Proof of Repair

**Check <u>ONLY ONE</u> of the following boxes:**

For Dealership Repairs

| | |
|---|---|
| ☐ | My vehicle was repaired at a Hyundai dealership.  **Enclosed** is a **receipt and repair record** (or some other record) showing the repair, amount paid, and vehicle mileage; **OR** |
| ☐ | My vehicle was repaired at a Hyundai dealership.  **Enclosed** is a **copy of the post card that I mailed to the dealership** authorizing release of my vehicle's repair records (*I understand that choosing this option, instead of enclosing a copy of my receipt and repair record, may delay my reimbursement*); **OR** |

For Non-Dealership Repairs

| | |
|---|---|
| ☐ | My vehicle was repaired by a non-Hyundai mechanic; I took my vehicle to, called about my vehicle to, or was reasonably dissuaded from contacting a Hyundai dealership / authorized repair facility for the repairs.  **Enclosed** is a **receipt and repair record** (or some other record) showing the repair, amount paid, and vehicle mileage. |

## Recovery Options

**Check <u>ONLY ONE</u> of the following boxes:**

| | |
|---|---|
| ☐ | I want **cash** in the form of a debit card for the amount of the recovery redeemable for at least 90 days without any fees charged by HMA or the debit card issuer at ATMs and merchants that accept Visa cards; **OR** |
| ☐ | I want a **debit card** for 125% of my recovery, which may be used only at participating Hyundai dealerships (see www.hyundai.com/tiburonclutch for a list of participating dealers); **OR** |
| ☐ | I want a **voucher** for 175% of my recovery, which may be used only in connection with the purchase of a new Hyundai vehicle. |

<u>Example</u>**:** For a $2,000 recovery, you may choose a $2,000 debit card, $2,500 Hyundai dealership debit card, or $3,500 voucher.

## Proof of Rental Expenses (Optional)

I request reimbursement for the money I spent on a rental car while my vehicle was being repaired AND
**Enclosed** is a **receipt (or some other record)** of the rental car expense, which was **in the amount of $ _____.**

## Certification

Before obtaining the repairs to my vehicle, I never:

(1) materially modified the vehicle intending to increase its torque (unless the change was made by a Hyundai dealership), or

(2) subjected the vehicle to street or track racing.

The information on this form is true and correct to the best of my knowledge and belief.  I agree to participate in the settlement described in the Notice that accompanied this claim form.  I authorize dealerships that serviced my vehicle to release records to Hyundai to confirm or substantiate my claim.

_____   _____
Signature                           Date

# EXHIBIT 3

<u>Front</u>

_____
_____
_____
_____
Your Return Address

Place Stamp

_____
Hyundai Dealer That Repaired Your Vehicle

_____
Address of Hyundai Dealer

_____

_____

<u>Back</u>

Name _____

Vehicle Identification Number (VIN) _____

I believe my vehicle was repaired at your facility on or about _____ (enter date) for a
clutch-related problem.  Please send my repair and payment records relating to this to:

Hyundai Motor America
Hyundai Tiburon Class Action Settlement Center
P.O. Box 20850
Fountain Valley, CA 92828-0850

(Dealers may fax to (714) 965-5031)

# EXHIBIT B

1   Eric H. Gibbs (State Bar No. 178658)
    ehg@girardgibbs.com
2   Dylan Hughes (State Bar No. 209113)
    dsh@girardgibbs.com
3   Geoffrey A. Munroe (State Bar No. 228590)
    gam@girardgibbs.com
4   **GIRARD GIBBS LLP**
5   601 California Street, 14th Floor
    San Francisco, California  94108
6   Telephone:  (415) 981-4800
    Facsimile:   (415) 981-4846
7

8   Norman E. Siegel
    siegel@stuevesiegel.com
9   Todd Hilton
    hilton@stuevesiegel.com
10  **STUEVE SIEGEL HANSON LLP**
    460 Nichols Road, Suite 200
11  Kansas City, MO 64112
    Telephone: (816) 714-7100
12  Facsimile: (816) 714-7101
13

14  *Co-Lead Class Counsel*

15                  **UNITED STATES DISTRICT COURT**
16                  **CENTRAL DISTRICT OF CALIFORNIA**

17  MICHAEL PARKINSON, et al., on          Case No.  SACV 06-345 AHS (MLGx)
    behalf of themselves and all others
18  similarly situated,                     Honorable Alicemarie H. Stotler

19                      Plaintiffs,          **[PROPOSED] FINAL ORDER**
                                             **AND JUDGMENT**
20              v.

21  HYUNDAI MOTOR AMERICA,
    INC., a California Corporation,
22
                        Defendant.
23

24

25

26

27

28

This matter came before the Court for hearing pursuant to the Order Granting Preliminary Approval of Class Settlement dated _____ ("Preliminary Approval Order"), and on application of the parties for final approval of the parties' Settlement Agreement dated January 28, 2010.  Due and adequate notice having been given of the proposed settlement as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     Pursuant to this Court's class certification order of November 6, 2009, the Class has been defined as:

> All current or former owners or lessees of a manual-transmission 2003 Tiburon GT, produced on or before April 1, 2003, who paid for a replacement to the flywheel assembly, clutch disc assembly, clutch cover assembly, or clutch release bearing within the applicable warranty period.

> Excluded from the Class are all claims for personal injury.  Also excluded from the Class are Hyundai and Hyundai Motor Company; any affiliate, parent, or subsidiary of Hyundai or Hyundai Motor Company; any entity in which Hyundai or Hyundai Motor Company has a controlling interest; any officer, director, or employee of Hyundai or Hyundai Motor Company; any successor or assign of Hyundai or Hyundai Motor Company; anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family and staff; and anyone who purchased a Class Vehicle for the purpose of resale.

For purposes of the Settlement Agreement, the parties have agreed that "the applicable warranty period" in the class definition means:  (a) for lessees or then-original owners, 10 years from the date of original delivery or date of first use, or 100,000 miles, whichever occurs first; or (b) for subsequent purchasers, 5 years from the date of original delivery or date of first use, or 60,000 miles, whichever occurs first.

2.     Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

1

FINAL ORDER AND JUDGMENT
CASE NO.  SACV 06-345 AHS (MLGx)

3.     The Court finds and concludes that notice has been given to all Class Members known and reasonably identifiable was the best notice practicable under the circumstances and fully satisfied due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The Court further finds that notice has been given to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.

4.     The Court approves the Settlement Agreement and finds that it is, in all respects, fair, reasonable, and adequate for the Class.

5.     The Court hereby dismisses this action with prejudice and without costs, except as might be awarded in connection with Class Counsel's application for attorneys' fees and reimbursement of expenses and for incentive awards to the named Plaintiffs ("Fee Application").

6.     The Court shall consider the Fee Application separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement.  Any order or proceedings relating to the Fee Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not disturb or affect this Judgment or affect or delay the finality of this Judgment.

7.     Upon the Effective Date of the Settlement Agreement, the Plaintiffs and each Class Member shall be deemed to have, and by operation of this Judgment shall have, released, waived, and discharged any and all legal claims or causes of action of any nature whatsoever, including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), including claims that have been or could have been asserted against Hyundai in the Action or in any other complaint, action, or litigation in any other court or forum which arise from or relate to the repair of Flywheel/Clutch Parts within the applicable warranty period.  Notwithstanding the foregoing, claims for personal injuries or damage to property (other than to the Class Vehicle) allegedly caused by a defect

2

in the Flywheel/Clutch Parts and any claims of or rights to subrogation are not released, and the vehicle warranty, if any, shall remain in full force and effect.

8.     Upon the Effective Date of the Settlement Agreement, Hyundai Motor America, Inc. and its past or present officers, directors, employees, agents, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, and assigns, shall be deemed to have, and by operation of this Judgment shall have, released, waived, and discharged any and all legal claims, cross-claims, counterclaims, or other causes of action of any nature whatsoever against Plaintiffs, Class Members, or Class Counsel, including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), arising from or related to the repair of Flywheel/Clutch Parts or the litigation or settlement of this Action.

9.     Attached to this Judgment is a list setting forth the name of each person who submitted a request for exclusion from the Class in compliance with the procedures set forth in the Preliminary Approval Order.  The persons so identified shall be neither entitled to benefits from the Settlement nor bound by this Judgment.  All Class Members who have not submitted such an exclusion request shall be bound by this Judgment.

10.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the settlement; and (c) the parties and the Class Members for the purpose of construing, enforcing, and administering the Settlement Agreement and this Judgment.

Dated: _____          _____
                                                Hon. Alicemarie H. Stotler
                                                United States District Court Judge

3