Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
dsh@girardgibbs.com
Geoffrey A. Munroe (State Bar No. 228590)
gam@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Norman E. Siegel
siegel@stuevesiegel.com
Todd Hilton
hilton@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*Co-Lead Class Counsel*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL PARKINSON, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

HYUNDAI MOTOR AMERICA, INC., a California Corporation,

Hyundai.

Case No. SACV 06-345 AHS (MLGx)

Honorable Alicemarie H. Stotler

**ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, (2) SETTING HEARING ON ENTRY OF FINAL APPROVAL OF THE SETTLEMENT AGREEMENT FOR JUNE 28, 2010 AT 11:00 A.M., AND (3) SETTING RELATED BRIEFING SCHEDULE**

ORDER RE: PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. SACV 06-345 AHS (MLGx)

The parties to this litigation have entered into a Settlement Agreement dated January 28, 2010, which if approved, would resolve this certified class action. Plaintiffs have filed a motion for preliminary approval of the Settlement Agreement, which Defendant Hyundai Motor America, Inc. ("Hyundai") supports. The Court has read and considered the Settlement Agreement and all exhibits thereto, including the proposed class notice and claim form, and finds there is sufficient basis for granting preliminary approval of the Settlement Agreement, directing that notice be disseminated to the Class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

IT IS HEREBY ORDERED that:

1.     Pursuant to this Court's class certification order of November 6, 2008, the Class has been defined as:

> All current or former owners or lessees of a manual-transmission 2003 Tiburon GT, produced on or before April 1, 2003, who paid for a replacement to the flywheel assembly, clutch disc assembly, clutch cover assembly, or clutch release bearing within the applicable warranty period.

> Excluded from the Class are all claims for personal injury. Also excluded from the Class are Hyundai and Hyundai Motor Company; any affiliate, parent, or subsidiary of Hyundai or Hyundai Motor Company; any entity in which Hyundai or Hyundai Motor Company has a controlling interest; any officer, director, or employee of Hyundai or Hyundai Motor Company; any successor or assign of Hyundai or Hyundai Motor Company; anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family and staff; and anyone who purchased a Class Vehicle for the purpose of resale.

For purposes of the Settlement Agreement, the parties have agreed that "the applicable warranty period" in the class definition means: (a) for lessees or then-original owners, 10 years from the date of original delivery or date of first use, or 100,000 miles, whichever occurs first; or (b) for subsequent purchasers, 5 years from the date of original delivery or date of first use, or 60,000 miles, whichever occurs first.

1

ORDER RE: PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

2.      Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

3.      The Court preliminarily approves the proposed Settlement Agreement, finding that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the Class.  The Court finds that the Settlement Agreement contains no obvious deficiencies and that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiation between their respective counsel.

4.      The Court hereby approves the form and procedures for disseminating notice of the proposed settlement to the Class set forth in the Settlement Agreement.  The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

5.      On or before April 30, 2010, Hyundai shall cause individual notice, substantially in the form attached hereto as Exhibit 1, along with the Claim Form and Request for Repair Records, substantially in the form attached hereto as Exhibits 2 and 3, to be mailed to all reasonably identifiable current and former owners and lessees of Class Vehicles ("Class Vehicle owners").  For purposes of identifying such persons, Hyundai shall provide, to the extent it has not already done so, all names and address of Class Vehicle owners, along with Class Vehicle VINs, to R.L. Polk & Company.

6.      R.L. Polk & Company is hereby authorized to use the information provided by Hyundai to obtain the names and most current addresses of Class Vehicle owners through state agencies.  Any state agency in possession of names or addresses of Class Vehicle owners is hereby authorized and directed to release that information to R.L. Polk & Company upon request.

7.      Within 10 days after entry of this Order, Hyundai shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the

2

ORDER RE: PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

1  appropriate federal official and the appropriate State official of each State in which a

2  Class Member resides.  Hyundai shall also provide copies of its submissions to Class

3  Counsel.

4         8.     As set forth in the Settlement Agreement, Hyundai shall bear all costs and

5  expenses in connection with providing notice to the Class and administering the proposed

6  settlement.

7         9.     A hearing on entry of final approval of the Settlement Agreement, an award

8  of fees and expenses to Class Counsel, and incentive payments to the named Plaintiffs

9  (the "Fairness Hearing") shall be held at 11:00 a.m. on June 28, 2010, before the

10  undersigned in Courtroom 10A of the United States District Court for Central District of

11  California, 411 West Fourth Street, Santa Ana, CA, 92701.  At the Fairness Hearing, the

12  Court will consider: (a) whether the Settlement should be approved as fair, reasonable,

13  and adequate for the class; (b) whether a judgment granting approval of the Settlement

14  and dismissing the lawsuit with prejudice should be entered; and (c) whether Class

15  Counsel's application for attorneys' fees and expenses and incentive awards for the

16  named Plaintiffs should be granted.

17        10.    Any Class Member shall have the right to opt out of the Class and the

18  settlement by sending a written request for exclusion from the Class to the addresses

19  listed in the Notices, postmarked no later than June 1, 2010.  To be effective, the request

20  for exclusion must: (a) include the Class Member's full name, address, telephone

21  number, and signature and (b) state his or her desire to be excluded from the Class.  Any

22  Class Member who does not submit a timely and valid request for exclusion shall be

23  subject to and bound by the Settlement Agreement and every order or judgment entered

24  concerning the Settlement Agreement.

25        11.    Counsel for the respective parties shall file memoranda, declarations, or

26  other statements and/or materials in support of the request for final approval of the

27  parties' Settlement, no later than June 4, 2010.

28        12.    Class Counsel shall file an application for an award of attorneys' fees and

3

---

**ORDER RE: PRELIMINARY APPROVAL OF CLASS SETTLEMENT**
**CASE NO.  SACV 06-345 AHS (MLGx)**

costs and for an incentive award to the named Plaintiffs ("Fee Application") no later than May 3, 2010, and post the Fee Application on the settlement website referred to in the class notice by the same date.

13.   Hyundai shall file any response to the Fee Application no later than June 7, 2010.

14.   Any member of the Class who intends to object to final approval of the Settlement Agreement or the Fee Application must, on or before June 1, 2010, file any such objection with the Court, and provide copies of the objection or comment to: (1) Girard Gibbs LLP, c/o Hyundai Flywheel Objection, 601 California Street, 14th Floor, San Francisco, CA 94108 or Stueve Siegel Hanson LLP, c/o Hyundai Flywheel Objection, 460 Nichols Road, Suite 200, Kansas City, MO 64112; and (2) Bingham McCutchen LLP, c/o Todd E. Gordinier, 600 Anton Blvd., 18th Floor Costa Mesa, CA 92626.  Each objection must include the Class Member's name, address, and signature; the Class Member's vehicle make, model, year and VIN number; and (if the repair was not conducted at a Hyundai dealership) proof of expense related to a clutch or flywheel repair covered by the settlement.  Additionally, each objection must state whether the Class Member intends to appear in person, or through counsel, at the Fairness Hearing and the reasons for his or her objection to final approval of the Settlement Agreement or to the Fee Application.  If the Class Member intends to appear through counsel, the objection must identify all attorneys representing him or her who will appear at the Fairness Hearing.

15.   To appeal from any provision of the order approving the Settlement as fair, reasonable and adequate, the award of incentive payments, or to the award of reasonable attorneys fees and expenses paid by Defendant and awarded to Class Counsel, a Class Member must file a timely written objection and appear in person or through counsel at the Fairness Hearing, or seek leave of Court excusing such appearance prior to the Fairness Hearing.

16.   No later than June 14, 2010, the parties shall file any reply in support of final

4

ORDER RE: PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

1 approval of the Settlement Agreement and Class Counsel shall file any reply in support of
2 the Fee Application.

3     17.    The Court reserves the right to continue the date of the Fairness Hearing and
4 related deadlines.  In that event, the revised hearing date and/or deadlines shall be posted
5 on the settlement website referred to in the class notice, and the parties shall not be
6 required to re-send or re-publish class notice.

7
8
9     Dated:  March 3, 2010
10                                    ALICEMARIE H. STOTLER
11                                    Hon. Alicemarie H. Stotler
                                      United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER RE: PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO.  SACV 06-345 AHS (MLGx)

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Parkinson v. Hyundai Motor America          )          Case No. SACV 06-345 AHS (MLGx)
_____ )

### NOTICE OF CLASS ACTION SETTLEMENT

TO:    ALL CURRENT OR FORMER OWNERS AND LESSEES OF MANUAL TRANSMISSION, 2.7
LITER ENGINE 2003 HYUNDAI TIBURON VEHICLES PRODUCED ON OR BEFORE
APRIL 1, 2003:

# If you bought or leased a manual transmission, 2.7-liter engine 2003 Hyundai Tiburon produced on or before April 1, 2003, your rights may be affected by a class action settlement.  If you paid to replace your vehicle's clutch or flywheel parts installed in the vehicle, you may be entitled to a cash payment.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- Subject to specific terms and conditions, the settlement will pay claims to owners and lessees of manual-transmission 2003 Hyundai Tiburon GT vehicles produced on or before April 1, 2003 ("Class Vehicle"), who paid for a replacement to clutch or flywheel parts, within 10 years or 100,000 miles (5 years or 60 miles if purchased used).

- The claims in this lawsuit stem from allegations that the clutch and flywheel parts installed in the 2003 Tiburon GT are defective and that Hyundai knew of these defects, but failed to disclose them to consumers.  Hyundai denies these allegations.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get cash payment.** If you submit a valid and timely Claim Form, along with the valid proofs required in the Claim Form, you will receive a cash settlement payment.  A properly completed Claim Form must be postmarked **no later than October 26, 2010, or 60 days after the denial of a warranty claim, whichever is later.** |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no benefits from it.  Keep rights.** If you ask to be excluded you will receive no money or benefits in this lawsuit, but you will maintain the right to sue Hyundai separately about the same legal claims in this lawsuit. |

| COMMENT OR OBJECT | **Write to the Court about why you like or don't like the settlement.** You may write the Court indicating why you like or dislike the settlement. You must remain a member of the lawsuit (you cannot ask to be excluded) in order to object to the settlement. |
|---|---|
| **DO NOTHING** | **Get no payment. Give up rights.** By doing nothing, you will not share in the benefits of the class action settlement. And, you will give up any rights to sue Hyundai separately about the same legal claims in this lawsuit. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

**BASIC INFORMATION**
1.    What is the purpose of this notice?
2.    What is this class action lawsuit about?
3.    What is a class action lawsuit and who is involved?
4.    Why is this lawsuit a class action?

**WHO IS IN THE CLASS?**
5.    Am I part of this Class?
6.    I'm still not sure if I am included.
7.    What do I get?

**THE SETTLEMENT BENEFITS – WHAT YOU GET**
8.    What if I had multiple clutch or flywheel repairs?
9.    How can I get payment?
10.   What happens if I do not return a completed Claim Form or documentation by the postmarked date?
11.   When do I get my payment?
12.   What am I giving up to get a payment and stay in the Class.

**IF YOU WANT TO EXCLUDE YOURSELF FROM THE LAWSUIT**
13.   How do I get out of this settlement?
14.   Why would I ask to be excluded?
15.   If I don't exclude myself, can I sue Hyundai later?
16.   If I exclude myself can I get money from this Settlement?

**THE LAWYERS REPRESENTING YOU**
17.   Do I have a lawyer in this case?
18.   Should I get my own lawyer?
19.   How will the lawyers be paid?

**SUBMITTING A COMMENT IN FAVOR OF, OR IN OPPOSITION TO, THE SETTLEMENT**
20.   How do I tell the Court that I like or do not like the settlement?
21.   What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**
22.   When and where will the Court decide to approve the settlement?
23.   Do I have to come to the hearing?
24.   May I speak at the hearing?

**IF YOU DO NOTHING**
25.   What happens if I do nothing at all?

**GETTING MORE INFORMATION**
26.   Are there more details available?

# BASIC INFORMATION

## 1. What is the purpose of this notice?

The Court authorized this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement, at the conclusion of the case Hyundai will make the payments that the settlement allows. You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The Honorable Alicemarie H. Stotler of the United States District Court for the Central District of California is the federal judge overseeing this lawsuit.  The lawsuit is known as Michael Parkinson, et al. v. Hyundai Motor America, Inc., Case No. SACV 06-345 AHS (MLGx).

## 2. What is this class action lawsuit about?

This lawsuit is about whether Hyundai failed to disclose that the clutch and flywheel parts in Class Vehicles were defective when Hyundai sold the vehicles and if such non-disclosure violated the California Consumers Legal Remedies Act, Civil Code § 1750 *et seq.* and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* You can read Plaintiffs' Class Action Complaint at: www.GirardGibbs.com/hyundai.asp.

## 3. What is a class action lawsuit and who is involved?

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case, Michael Parkinson, Eric Matuschek, Donn Schroeder, and Michael Sano) sue on behalf of other people who have similar claims. All of these people together are called a "Class" or "Class Members." Class Representatives—and all Class Members like them—are called the Plaintiffs. The company they sued (in this case Hyundai) is called the Defendant. One Court resolves the factual questions and legal issue for everyone in the Class-except for those people who choose to exclude themselves from the Class.

## 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can proceed as a class action and move towards trial as a class action because it meets certain procedural requirements (set out in Federal Rule of Civil Procedure 23), that govern class actions in federal courts. Specifically, the Court found that:

- There are legal questions and facts that are common to each Class Member;
- Class Representatives' claims are typical of the claims of the rest of the Class;
- Class Representatives and the lawyers representing the Class will represent the Class' interests fairly and adequately;

- The legal questions and facts that are common to the class are more important than the questions that affect only some individuals; and
- This class action will be more effective than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class, which is available at **www.GirardGibbs.com/hyundai.asp.**

## WHO IS IN THE CLASS?

### 5.  Am I part of this Class?

Judge Stotler decided that all current and former owners and lessees of a manual-transmission 2003 Tiburon GT, produced on or before April 1, 2003, who paid for a replacement of clutch or flywheel parts (flywheel assembly, clutch disc assembly, clutch cover assembly, or clutch release bearing) during the applicable warranty period are Class Members.

The settlement reached on behalf of the Class will include members of the Class who submit a valid Claim Form with the required documentation described in the Claim Form.  You **must** submit a receipt that shows you paid for a replacement or repair to flywheel or clutch assembly.  If this repair or replacement was made at a Hyundai dealership, the receipt may come from you or with your written consent from the Hyundai Dealership or Hyundai authorized service facility that performed the repair.  You are also eligible for reimbursement of rental car costs incurred because of the repair.  A receipt **must** be submitted for rental car reimbursement.

### 6.  I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help at **www.GirardGibbs.com/hyundai.asp** or by calling or writing the lawyers in this case at the phone number and address listed in question 19, below.

## THE SETTLMENT BENEFITS – WHAT YOU GET

### 7.  What do I get?

If you paid for a repair or replacement to the flywheel or clutch assembly, you will be able to choose between a cash and non-cash options.  The cash option consists of a debit card for 100% of the qualifying claim, which is redeemable for at least 90 days without any fees charged by HMA or the debit card issuer at ATMs and merchants that accept Visa cards.  The non-cash options consist of (1) a non-transferable debit card redeemable (for one year from issuance) for Hyundai goods and services at participating authorized Hyundai dealers in an amount equal to 125% of the cash value of the qualifying claim, or (2) a voucher, non-transferable except among immediate family members, redeemable (for one year from issuance) towards the purchase of a

new Hyundai vehicle in an amount equal to 175% of the cash value of the qualifyingclaim.

The reimbursed amount will be adjusted based upon the number of miles your vehicle had at the time of the repair, according to the following table:

| Miles | % payment |
|---|---|
| 0-50,000 | 100% |
| 50,001-75,000 | 75% |
| 75,001-100,000 | 50% |

If your repair involved the replacement of Original Equipment Manufacturer (OEM) parts with non-OEM parts, Hyundai will reimburse you the lesser of the manufacturers suggested retail price of the OEM part as indicated by Hyundai's published price list to dealers at the time of the repair, and the actual cost of the non-OEM component. If your repairs were rendered at a service facility other than a Hyundai dealership or any other Hyundai-authorized service facility, Hyundai will reimburse the you for the lesser of the estimated retail price for said repairs as indicated by Hyundai's Labor Times Standard and Hyundai's published price list to dealers at the time of the repair, and the actual cost of the repair provided. You are also eligible for reimbursement of rental car expenses incurred because of the repair.

You will not be reimbursed for any amount paid for by your HMA warranty. You will not be reimbursed if your Tiburon was materially modified with the intent to increase the vehicle's torque output at any time prior to the repair or if it was used in street or track racing.

## 8. What if I had multiple clutch or flywheel repairs?

If you had multiple clutch or flywheel repairs you need to submit a claim form for each repair you believe is eligible for reimbursement under this settlement.

## 9. How can I get payment?

**To be paid, you must properly complete and return a Claim Form.**

A Claim Form is attached to this notice. Please read the Claim Form carefully. You must fully complete the Claim Form in order to receive payment. A properly completed Claim Form must be postmarked **no later than October 26, 2010, or 60 days after the denial of a warranty claim, whichever is later.** You can also get a Claim Form on the Internet at **www.hyundai.com/tiburonclutch**.

Please also keep in mind the following points:

- You must provide a receipt for your claimed clutch or flywheel repairs. This receipt must (1) contain the amount actually paid by you or on your behalf;

and (2) show that clutch and/or flywheel parts were replaced. For repairs performed at a Hyundai Dealership or Hyundai authorized service facility, proof of repair expense may be provided to you or Hyundai by the dealership or authorized facility directly, following your written consent. You may provide consent using the enclosed Request for Repair Records, which you will need to address and mail to the Hyundai Dealership or Hyundai authorized service facility that repaired your vehicle.

- If you paid for rental car expense that you would like partial reimbursement for, you must provide a receipt with your completed Claim Form.

- If you did not receive this notice by direct mail (for example, if you downloaded it from the Internet), you must provide proof of vehicle ownership with your completed Claim Form.

**10. What happens if I do not return a completed Claim Form or documentation by the postmarked date?**

If you do not submit a valid Claim Form and/or the requested documents by **October 26, 2010, or 60 days after the denial of a warranty claim, whichever is later**, then your Claim Form will be deemed invalid and you will not receive any payment. If you do nothing at all (you do not submit a Claim Form or documentation and you do not exclude yourself), you will not receive any payment, you will release your legal rights as to the claims raised in this case, and you will not be able to sue Hyundai over these claims.

**11. When do I get my payment?**

The Court will hold a fairness hearing on **June 28, 2010 at 11:00 a.m.**, to decide whether to find the settlement fair, reasonable and adequate for the Class members. If Judge Stotler approves the settlement, there may be appeals which may delay the conclusion of the case. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the settlement. You may periodically check www.hyundai.com/tiburonclutch for the latest status.

**12. What am I giving up to get a payment and stay in the Class.**

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Hyundai about the same legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form, you will release your legal rights as to the claims raised in this case, and you will not be able to sue Hyundai over these claims.

## IF YOU WANT TO EXCLUDE YOURSELF FROM THE LAWSUIT

If you do not want a payment from this settlement, but you want to keep the right to sue or
continue to sue Hyundai, on your own, about the legal issues in this case, then you must take
steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of
the settlement Class.

### 13. How do I get out of this settlement?

To exclude yourself from the settlement, you must send a letter by U.S. mail (or an
express mail carrier) saying that you want to be excluded from *Michael Parkinson, et
al. v. Hyundai Motor America, Inc.*, Case No. SACV 06-345 AHS (MLGx).  Be sure to
include your name, address, telephone number, and your signature. You must mail your
exclusion request postmarked no later than **June 1, 2010**, to:

**SETTLEMENT ADMINISTRATOR**
Attention: Exclusion Request
Hyundai Tiburon Class Action Settlement Center
P.O. Box 20850
Fountain Valley, CA 92828-0850

You cannot exclude yourself on the phone or by e-mail. If you submit your request to
be excluded by U.S. mail or express mail, you will not get any settlement payment and
you cannot object to the settlement. You will not be legally bound by anything that
happens in this lawsuit. You may be able to sue (or continue to sue) Hyundai in the
future.

### 14. Why would I ask to be excluded?

If you already have your own lawsuit against Hyundai for the same claims and want to
continue with it, you need to ask to be excluded from the Class.  If you exclude
yourself from the Class—which also means to remove yourself from the Class, and is
sometimes called "opting out" of the Class—you won't get any money or benefits from
this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any
settlement (that may or may not be reached) between Hyundai and the Plaintiffs.
However, you may then be able to sue or continue to sue Hyundai for the same claims.
If you exclude yourself, you will not be legally bound by the Court's judgments in this
class action.

If you start your own lawsuit against Hyundai after you exclude yourself, you'll have to
hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.  If
you choose to exclude yourself so you can start your own lawsuit against Hyundai, you
should talk to your own lawyer soon because your claims may be subject to a statute of
limitations.

### 15. If I don't exclude myself, can I sue Hyundai later?

No, not for the same legal claims as here. Unless you exclude yourself, you give up the right to sue Hyundai for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **June 1, 2010**.

### 16. If I exclude myself can I get money from this Settlement?

No. If you exclude yourself, you should not submit a Claim Form to ask for money from the class action settlement. You cannot do both. But, you may sue, continue to sue, or be part of a different lawsuit against Hyundai.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

The Court has decided that the law firms Girard Gibbs LLP of San Francisco, California, and Stueve Siegel Hanson LLP of Kansas City, Missouri, are qualified to represent you and all Class Members.  Together these law firms are called "Class Counsel."  They are experienced in handling similar cases against other automotive manufacturers.  More information about these law firms, their practices, and their lawyers' experience is available at www.GirardGibbs.com and www.stuevesiegel.com.

### 18. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you may have to pay that lawyer.  For example, you can ask your own lawyer to appear on your behalf in Court if you want someone other than Class Counsel to speak for you.

### 19. How will the lawyers be paid?

Class Counsel has prosecuted this case on a contingency basis.  They have not received any fees or reimbursement for any of the expenses associated with this case.  Class Counsel will request fees and expenses from the Court.  Any fees and expenses awarded by the Court will be paid separately by Hyundai.  You won't have to pay these fees and expenses and any fees and expenses awarded will not affect your settlement amount.

## SUBMITTING A COMMENT IN FAVOR OF, OR IN OPPOSITION TO, THE SETTLEMENT

You can tell the Court that you do or do not agree with the settlement or some part of it.

## 20. How do I tell the Court that I like or do not like the settlement?

If you are a Class Member, you can tell the Court you like the settlement and it should be approved, or that you object to the settlement if you do not like any part of it. To object, you must send a letter saying that you are commenting on the settlement in *Michael Parkinson, et al. v. Hyundai Motor America, Inc.*, Case No. SACV 06-345 AHS (MLGx), and you must include your name, address, telephone number and signature. The Court will consider all comments from class members. If you intend to appear at the fairness hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the fairness hearing. To appeal from any provision of the order approving the Settlement as fair, reasonable and adequate, the award of incentive payments, or to the award of reasonable attorneys fees and expenses paid by Defendant and awarded to Class Counsel, you must appear in person, or through your counsel, or seek leave of Court excusing such appearance prior to the fairness hearing, or as otherwise may be permitted by the Court at the fairness hearing. In addition, you must include your name, address, vehicle make, model, year and VIN number, proof of expense related to a clutch or flywheel repair covered by this settlement (if the repair was not done at a Hyundai dealership), telephone number, your signature, and the reasons you object to the settlement. Be sure to send your objection to these three different places set forth below such that it is *received* no later than **June 1, 2010**:

| No. 1 Court | No. 2 Class Counsel | No. 3 Defense Counsel |
|---|---|---|
| Clerk of the Court, United States District Court, Central District of California 411 West Fourth Street, Room 1053 Santa Ana, CA 92701-4516 | **GIRARD GIBBS LLP** c/o Hyundai Flywheel Objection 601 California Street, 14th Floor San Francisco, CA 94108 OR **STUEVE SIEGEL HANSON LLP** c/o Hyundai Flywheel Objection 460 Nichols Road, Suite 200 Kansas City, MO 64112 | **BINGHAM McCUTCHEN LLP** c/o Todd E. Gordinier 600 Anton Blvd., 18th Floor Costa Mesa, CA 92626 |

If you do not submit a written comment on the proposed settlement or the application of Class Counsel for incentive awards, attorneys' fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the fairness hearing and to appeal from any order or judgment of the Court concerning the matter.

## 21. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to attend or speak.

## 22. When and where will the Court decide to approve the settlement?

The Court will hold a Fairness Hearing at **11:00 a.m. on June 28, 2010**, at the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA, 92701-4516 in Courtroom 10A. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Stotler will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 23. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Stotler may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you sent your written objection such that it is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 24. May I speak at the hearing?

If you do not exclude yourself, you may also ask the Court for permission to speak at the hearing concerning the proposed settlement or the application of Plaintiffs' counsel for attorneys' fees and expenses.  To do so, you must send in a letter saying that it is your notice of your intention to appear at the fairness hearing in *Michael Parkinson, et al. v. Hyundai Motor America, Inc.*, Case No. SACV 06-345 AHS (MLGx).  The letter must state the position you intend to present at the hearing, state the identities of all attorneys who will represent you, and must include your name, address, telephone number, the vehicle's make, model, year and VIN Numbers, proof of expense related to a flywheel repair covered by this settlement (if the repair was not done at a Hyundai dealership), and your signature. You must send your notice to the Clerk of the Court, Class Counsel, and defense counsel at the three addresses listed under question 20 above, such that it is *received* no later than **June 1, 2010**.  You may combine this notice and your comment (described under question 20) in a single letter.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### 25. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Hyundai about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 26. Are there more details available?

Visit the website **www.GirardGibbs.com/hyundai.asp**, where you will find the Court's Order Certifying the Class, the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint. Claim Forms, Exclusion Request Forms, and updates regarding the case will be available at **www.hyundai.com/tiburonclutch**.

You may also call and speak to the Settlement Administrator at (800) 633-5151 or write to Class Counsel at:

GIRARD GIBBS LLP
c/o Hyundai Flywheel Objection
601 California Street, 14th Floor
San Francisco, CA 94108

STUEVE SIEGEL HANSON LLP
c/o Hyundai Flywheel Objection
460 Nichols Road, Suite 200
Kansas City, MO 64112

# EXHIBIT 2

# CLAIM FORM

*Parkinson v. Hyundai Motor America inc., Case No. SACV 06-345 AHS (MLGx) (C.D.Cal.)*

If you have multiple repairs, submit **one Claim Form per repair.**

**Complete and mail this claim form to:**   Hyundai Tiburon Class Action Settlement Center
P.O. Box 20850
Fountain Valley, CA. 92828-0850

## Contact and Vehicle Information

To receive a reimbursement, provide your current contact information and your vehicle information below:

Name: _____

Address: _____

City: _____

State: _____   Zip-code:_____

Telephone: ( ___ )_____

VIN:_____

## Proof of Repair

**Check <u>ONLY ONE</u> of the following boxes:**

<u>For Dealership Repairs</u>

| ☐ | My vehicle was repaired at a Hyundai dealership.  **Enclosed** is a **receipt and repair record** (or some other record) showing the repair, amount paid, and vehicle mileage; **OR** |
|---|---|
| ☐ | My vehicle was repaired at a Hyundai dealership.  **Enclosed** is a **copy of the post card that I mailed to the dealership** authorizing release of my vehicle's repair records (*I understand that choosing this option, instead of enclosing a copy of my receipt and repair record, may delay my reimbursement*); **OR** |

<u>For Non-Dealership Repairs</u>

| ☐ | My vehicle was repaired by a non-Hyundai mechanic; I took my vehicle to, called about my vehicle to, or was reasonably dissuaded from contacting a Hyundai dealership / authorized repair facility for the repairs.  **Enclosed** is a **receipt and repair record** (or some other record) showing the repair, amount paid, and vehicle mileage. |
|---|---|

## Recovery Options

**Check <u>ONLY ONE</u> of the following boxes:**

| ☐ | I want **cash** in the form of a debit card for the amount of the recovery redeemable for at least 90 days without any fees charged by HMA or the debit card issuer at ATMs and merchants that accept Visa cards; **OR** |
|---|---|
| ☐ | I want a **debit card** for 125% of my recovery, which may be used only at participating Hyundai dealerships (see www.hyundai.com/tiburonclutch for a list of participating dealers); **OR** |
| ☐ | I want a **voucher** for 175% of my recovery, which may be used only in connection with the purchase of a new Hyundai vehicle. |

<u>Example:</u> For a $2,000 recovery, you may choose a $2,000 debit card, $2,500 Hyundai dealership debit card, or $3,500 voucher.

## Proof of Rental Expenses (Optional)

I request reimbursement for the money I spent on a rental car while my vehicle was being repaired AND **Enclosed** is a **receipt (or some other record)** of the rental car expense, which was **in the amount of $** _____.

## Certification

Before obtaining the repairs to my vehicle, I never:

(1) materially modified the vehicle intending to increase its torque (unless the change was made by a Hyundai dealership), or

(2) subjected the vehicle to street or track racing.

The information on this form is true and correct to the best of my knowledge and belief.  I agree to participate in the settlement described in the Notice that accompanied this claim form.  I authorize dealerships that serviced my vehicle to release records to Hyundai to confirm or substantiate my claim.

_____        _____
Signature                                                          Date

**EXHIBIT 3**

<u>Front</u>

_____
_____
_____
_____
Your Return Address

Place Stamp

_____
Hyundai Dealer That Repaired Your Vehicle

_____
Address of Hyundai Dealer

_____

_____

<u>Back</u>

Name _____

Vehicle Identification Number (VIN) _____

I believe my vehicle was repaired at your facility on or about _____ (enter date) for a clutch-related problem.  Please send my repair and payment records relating to this to:

Hyundai Motor America
Hyundai Tiburon Class Action Settlement Center
P.O. Box 20850
Fountain Valley, CA 92828-0850

(Dealers may fax to (714) 965-5030)