Rosemary M. Rivas (SBN 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94115
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Counsel for Plaintiff Wesley Gorman

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PARKINSON, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California Corporation,<br><br>Defendant. | Case No. SACV 06-345 AHS (MLGx)<br><br>**DECLARATION OF ROSEMARY M. RIVAS IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Date: June 28, 2010<br>Time: 11:00 a.m.<br>Before: Hon. Alicemarie H. Stotler |

RIVAS DECL. IN SUPPORT OF PLAINTIFFS'MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND EXPENSES
CASE NO. SACV 06-345 AHS (MLGx)

1  I, Rosemary M. Rivas, hereby declare as follows:

2  1. I am a partner at the law firm Finkelstein Thompson LLP ("FT"), one of the

3 firms representing the Plaintiffs and Class members and counsel of record for Plaintiff

4 Wesley Gorman in this consolidated class action against Hyundai Motor America, Inc.

5 ("Hyundai"). I am submitting this Declaration in support of Plaintiffs' motion for an

6 award of attorneys' fees and reimbursement of expenses.

7  2. Attached hereto as **Exhibit A** is a true and correct copy of FT's firm

8 resume, which includes only the biographies for the attorneys and staff members who

9 primarily worked on this case.

10  3. FT performed the following professional services, among other things, for

11 the benefit of the certified class in this action:

12  (a) Researched and drafted portions of Plaintiffs' Motion for Class

13 Certification, in particular, the section on the appropriateness of nationwide certification

14 under California law (Docket No. 84). This Court ultimately certified a national class.

15  (b) Reviewed and analyzed Defendant's Motion to Strike & Objections to

16 Plaintiffs' Statistical Data (Docket No. 105).

17  (c) Researched and drafted Plaintiffs' Memorandum of Points and

18 Authorities in Opposition to Defendants' Motion To Strike Plaintiffs' Statistical Data

19 (Docket No. 123). The Court denied Defendant's motion.

20  (d) Drafted the objections and discovery responses for all the named

21 Plaintiffs in response to Defendant's First Set of Document Requests and First Set of

22 Special Interrogatories. Many of Defendant's interrogatories were contention

23 interrogatories and required detailed facts discovered in the litigation.

24  (e) Researched, drafted and filed Plaintiffs' Memorandum of Points and

25 Authorities in Support of Motion to Compel along with the accompanying Joint

26 Stipulation and declarations (Docket Nos. 77-80).

27  (f) Researched and drafted briefing on Defendant's motion for summary

28 judgment with respect to the economic loss issues (Docket No. 235).

RIVAS DECL. IN SUPPORT OF PLAINTIFFS'MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND EXPENSES
CASE NO. SACV 06-345 AHS (MLGx)

(g) Defended the deposition of Plaintiff Wesley Gorman.

(h) Reviewed documents produced by Defendant.

(i) Performed other research as requested by Class Counsel regarding discovery.

4.    My firm has thoroughly reviewed its billing records for errors and duplication and has eliminated such time entries.  Additionally, although my firm believes that time expended relating to the preparation and the filing of the initial complaint and the motion for consolidation and appointment of lead counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure was entirely appropriate and compensable, my firm has eliminated completely and/or significantly reduced time entries relating to such work and other entries from the lodestar provided herein.

5.    In connection with the activities outlined in Paragraph 3, FT has spent at least 523.60 hours of professional time working for the benefit of the class in this matter, representing a lodestar of $224,469.50 using FT's current hourly rates.  This time was performed on a wholly contingent basis.

6.    The chart below is a detailed summary indicating the amount of time spent by each partner, associate, and staff member who was involved in this litigation; the associated hourly rate for that time; and the resulting lodestar.  This schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.  I have personally reviewed these records for accuracy and to ensure that the professional time therein was reasonably expended for the benefit of the class.

| Name | Total Hours | Hourly Rate | Lodestar |
|------|-------------|-------------|----------|
| PARTNERS: | | | |
| Tracy D. Rezvani | 33.20 | $605 | $20,086.00 |
| Richard M. Volin | 64.70 | $605 | $39,143.50 |
| Rosemary M. Rivas | 184.90 | $550 | $101,695.00 |

2

RIVAS DECL. IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. SACV 06-345 AHS (MLGx)

| Name | Total Hours | Hourly Rate | Lodestar |
|------|-------------|-------------|----------|
| ASSOCIATES: | | | |
| Christine P. Bartholomew | 8.40 | $450 | $3,780.00 |
| Elisa P. Laird | 30.60 | $325 | $9,945.00 |
| Sheri L. Kelly | 60.90 | $350 | $21,315.00 |
| Mark Punzalan | 26.40 | $300 | $7,920.00 |
| STAFF MEMBERS: | | | |
| Allison Ratzberg | 7.20 | $150 | $1,080 |
| Sheeree Renwick | 49.40 | $220 | $10,868.00 |
| Jeremy H. Rothstein | 2.20 | $220 | $484.00 |
| Shaun T. Woosley | 3.10 | $200 | $620.00 |
| Law Clerks | 16.90 | $150 | $2,535.00 |
| File Clerks | 35.70 | $140 | $4,998.00 |
| **TOTALS** | 523.60 | | $224,469.50 |

7.     The hourly rates for the partners, associates and staff members in my firm included in the above chart are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other contingent class action litigation.  For personnel who are no longer employed by the firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.

8.     In addition to expending professional time on behalf of class members, my firm also incurred $6,981.51 in expenses litigating this case on behalf of class members.  Of these expenses, Plaintiffs seek recovery of $2,020.01 in expenses that are allowable under California Code of Civil Procedure §1033.5(a).

RIVAS DECL. IN SUPPORT OF PLAINTIFFS'MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND EXPENSES
CASE NO. SACV 06-345 AHS (MLGx)

9.    FT incurred the following expenses recoverable under California Code of Civil Procedure § 1033.5(a):

- $830.00 in filing and motion fees [CCP § 1033.5(a)(1)];
- $114.26 in service of process costs [CCP § 1033.5(a)(4)]; and
- $1,075.75 in deposition costs [CCP § 1033.5(a)(3)], which includes
    - i.  $ 765.94 in transcription costs, and $309.81 in travel expenses associated with the deposition of Plaintiff Wesley Gorman, taken in Florida.

10.    In addition to those costs allowable or potentially allowable pursuant to California Code of Civil Procedure § 1033.5(a)-(c), FT incurred the following additional $4,961.50 in expenses, which Plaintiffs are not seeking to recover but that added to the risk of litigating this case on behalf of class members.

- $3,869.40 in photocopying costs;
- $23.52 in telephone and long-distance charges;
- $664.43 in online research costs (Westlaw);
- $40.19 in postage costs;
- $335.96 in delivery costs; and
- $28.00 in facsimile costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 3, 2010 in San Francisco, California.

_____
Rosemary M. Rivas

RIVAS DECL. IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. SACV 06-345 AHS (MLGx)

# EXHIBIT A



# FIRM RESUME
# 2010

1050 30th Street, NW · Washington, DC 20007

100 Bush Street, Suite 1450 · San Francisco, CA 94104

# FINKELSTEIN THOMPSON LLP

FINKELSTEIN THOMPSON LLP  ("the firm"), is a twenty-lawyer litigation firm, with offices in Washington, D.C. and San Francisco, CA, focusing primarily on complex financial litigation involving antitrust violations, fraud and crime in the banking, securities and commodities industries, and consumer fraud.

By concentrating exclusively on litigation, rather than a generalized transactional practice, the firm avoids the conflicts of interest, both actual and philosophical, that can arise from multi-faceted representation, and is able to offer the kind of hard-hitting approach that modern financial litigation demands.  Since 1993, the firm has served in a leadership position in cases that have recovered many hundreds of millions of dollars for investors and consumers.

The firm's professional staff includes not only experienced and expert lawyers but also a certified financial analyst with a financial market background.  The firm draws on this in-house expertise to provide the cost-efficient and timely analysis of complex transactions needed in fast-moving litigation.  In addition, because the outcome of litigation is often dependent on the strength of expert testimony, the firm has developed strong working relationships with nationally prominent outside consultants in the areas of securities, commodities, antitrust, banking, consumer fraud, marketing and economics.

## HISTORY

The firm was founded in March 1977 by Burton H. Finkelstein and Douglas G. Thompson, Jr.  The firm's offices are located in Georgetown in the historic Duvall Foundry and in San Francisco in the Financial District.

## EXPERIENCE

Our named partners have over seventy years combined experience in the prosecution and defense of complex financial civil and criminal matters.  Senior partner Burton H. Finkelstein is the former head of the Administrative and Criminal Trial Unit of the Securities and Exchange Commission.  Douglas G. Thompson, Jr. is an alumnus of the securities litigation group of a major Washington, D.C. law firm.  The other partners and associates have extensive experience in a variety of complex litigation fields.  The firm has seventeen lawyers and a Chartered Financial Analyst.  The firm has practiced before the Securities and Exchange Commission, Commodity Futures Trading Commission, Federal Trade Commission, Federal Communications Commission, U.S. Copyright Office, New York Stock Exchange, Chicago Board of Trade, National Association of Securities Dealers, National Futures Association, and in various state and federal trial and appellate courts across the country, in civil and criminal enforcement matters and in private damage litigation. The firm has considerable expertise and experience in defending and prosecuting complex financial class action claims.

The firm is involved in class action litigation in federal and state courts nationwide. We have developed a reputation for successful and thorough representation of class clients against many of the largest and most powerful companies in the country. As part of our efforts to serve our clients' interests in the most effective and efficient manner possible, the firm has established ongoing relationships with other class action law firms whose size, location or expertise complement our own. We have won judgments and negotiated settlements that have recovered an aggregate of over one billion dollars for class members.

The firm has managed prominent roles in many of the largest nationwide class actions, including:

- In re "Light" Cigarette Litigation, No. 04cv1945 (E.D.N.Y), more than a dozen suits in states across the country against tobacco manufacturers alleging consumer fraud relating to the manufacture and sale of so-called "light" cigarettes, in which the firm is pursuing claims on behalf of millions of class members.

- In re Natural Gas Commodity Litigation, No. 03cv6186 (S.D.N.Y.) –The lawsuit alleged that defendants violated the federal commodity laws by knowingly and deliberately reporting inaccurate, misleading and false trading information (including artificial volume and price information) to trade publications that compile and publish widely-followed indices of natural gas spot prices. In addition, the lawsuit alleged that defendants engaged in a variety of fraudulent trade reporting strategies, including wash trades, whose purpose was to create the perception of increased liquidity and demand for natural gas, and thus to manipulate the spot prices of natural gas.

## SECURITIES & COMMODITIES CLASS ACTION LITIGATION

Since its inception in 1977, the firm's securities litigation practice has extended across a wide range of shareholders' securities litigation, from accounting fraud, allegations of insider trading, proxy statement fights, and minority shareholder rights being violated, to cases alleging misstatements in prospectuses. The firm regularly litigates substantive federal issues under the Securities Act of 1933, the Securities Exchange Act of 1934, the Reform Act of 1995, tenders offers under the Williams Act, derivative suits under State and Federal law, and unfair business practices claims.

Our clients include institutional investors, pension funds, high-net worth individuals and retail investors. While few class action securities suits go to trial, substantial skill and experience is required to investigate, prepare, and litigate the underlying claims to successful resolution. The firm enjoys a national reputation for high-quality and successful recoveries for our clients.

The firm also selectively prosecutes actions pursuant to the Commodity Exchange Act regarding market manipulations involving commodity futures and options. To date, the firm has enjoyed considerable success in these matters, which are recognized as some of the most difficult causes of action to successfully pursue.

SETTLED REPRESENTATIVE SECURITIES AND COMMODITIES CLASS ACTION CASES

1. <u>In re Merrill Lynch & Co., Inc. Research Reports Litigation</u>, MDL 1484 (S.D.N.Y.) – Executive Committee member; Lead Counsel in six of the underlying actions; $125 million settlement achieved.

2. <u>In re Natural Gas Commodity Litigation</u>, No. 03cv6186 (S.D.N.Y.) – Co-Lead Counsel; over $100 million achieved in settlements.

3. <u>PaineWebber Securities Litigation</u>, No. 94cv8547 (S.D.N.Y) – Executive Committee member; $200 million settlement achieved.

4. <u>Freeland v. Iridium World Communications, Ltd.</u>, No. 99cv1002 (D.D.C.) – Liaison Counsel and Executive Committee member; $47.5 million settlement achieved.

5. <u>Prudential Securities Litigation</u>, MDL 1005 (S.D.N.Y.) – Executive Committee member & Co-Chair of Settlement Committee; $150 million settlement achieved.

6. <u>Kidder Peabody Securities Litigation</u>, No. 94cv3954 (S.D.N.Y.) – Executive Committee member; $19 million settlement achieved.

7. <u>Rudolph vs. UT Starcom, et al</u>, No. 3:07-CV-04578-SI (N.D.Ca.) – The firm serves as sole Lead Counsel in a securities fraud class action against UT Starcom and certain officers in connection alleged illegal backdating of executive stock options. $9.5 million settlement achieved

8. <u>Holly Glenn v. Polk Audio, Inc.</u>, No. 99cv4768 (Md. Cir. – Baltimore) – Co-lead Counsel; $4.8 million settlement achieved (an increase of nearly 50% of shareholder buyout value).

9. <u>Grecian v. Meade Instruments, Inc.</u>, No. 06cv908 (C.D. Cal.) – Sole Lead Counsel on behalf of shareholders claiming securities fraud violations related to alleged illegal backdating of executive stock options. Settlement achieved for $3 million and corporate governance changes.

ONGOING REPRESENTATIVE SECURITIES AND COMMODITIES CLASS ACTION CASES

1. <u>In re Crude Oil Commodity Litigation</u>, No. 06cv6677 (S.D.N.Y.) – the firm has been appointed an Executive Committee member in an action alleging that the defendants manipulated the market for crude oil.

2. <u>In re Interbank Funding Corp. Securities Litigation</u>, No. 02-CV-01490 (JDB) (D.D.C.) – The firm serves as Lead Counsel in a securities fraud class action against

Radin Glass and CIBC Oppenheimer's alleging their lack of due diligence and compliance with accounting standards permitted InterBank's continued operation of a Ponzi scheme. The firm has already achieved a $4.5 million settlement with Simon Hershon, President and CEO of InterBank and $2 million settlement with CIBC Oppenheimer.

3.     In re Bear Stearns Litigation, Index No. 600780/08 (N.Y. Sup. Ct.) – The firm serves as a member of the Lead Counsel team in a shareholder class action on behalf of minority stockholders of The Bear Stearns Companies, Inc., alleging The Bear Stearns Companies, Inc. and its officers and directors breached their fiduciary duty and/or violated state laws in an effort to sell the company to JPMorgan for inadequate and unfair consideration.

4.     In re Metavante Technologies, Inc. Shareholder Litigation, No. 09-CV-5325 (Wis. Cir. Ct., Milwaukee County) – The firm serves as a member of the Lead Counsel team in a shareholder class action on behalf of common stock holders of Metavante Technologies, Inc. alleging that Metavante's officers and directors breached their fiduciary duty and/or violated state laws in their proposed sale of the company to Fidelity National Information Services, Inc., for inadequate and unfair consideration.

5.     Berger v. Life Sciences Research, Inc., et al., Docket No. SOM-C-12006-09 (N.J. Sup. Ct., Somerset County) – The firm serves as Co-Lead Counsel in a class action on behalf of Life Sciences Research, Inc. shareholders and derivative action on behalf of the company alleging that the company's officers and directors breached their fiduciary duty and/or violated state laws in entering their agreement to be taken private by the company's Chief Executive Officer and largest shareholder, Andrew Baker, pursuant to an inadequate price and process.

6.     Lanteigne v. Genius Products, Inc., et al., No. BC412610 (Cal. Sup. Ct., Los Angeles County) – The firm serves as Lead Counsel in a shareholder class action on behalf of common stock owners of Genius Products, Inc., alleging that Genius Products entered into a series of agreements for the purchase and sale of investor warrants with The Weinstein Company Holdings LLC that, in effect, diluted the equity interest and voting rights of Genius Products shareholders.

7.     The Pennsylvania Avenue Funds v. Avigen, Inc., et al., No. 09-470224 (Cal. Sup. Ct., Alameda County) – The firm serves as Lead Counsel in a class action on behalf of common stock holders of Avigen, Inc., alleging that Avigen's officers and directors breached their fiduciary duty and/or violated state laws in their proposed sale of the company to Medicinova, Inc., for inadequate and unfair consideration.

## ANTITRUST CLASS ACTION LITIGATION

Federal and state antitrust laws are primarily concerned with protecting the economy and promoting competition between businesses by preventing (i) collusion among "competitors" that might result in restraints on competition in a given industry or market, and (ii) anti-competitive conduct by a particular entity who holds monopoly power in a given industry or market.

The firm is involved in several cases on behalf of individuals and businesses that have been injured by the anti-competitive behavior of other companies. These cases involve allegations such as market manipulation, monopolization, price-fixing, and predatory practices. Below is a sample of the cases in which we have been intensively involved:

### SETTLED REPRESENTATIVE ANTITRUST CLASS ACTION CASES

1. In re Relafen Antitrust Litigation, No. 01cv12239 (D. Mass.) – Executive Committee member in federal direct purchaser case, settlement achieved - $175 million.

2. Heliotrope General, Inc. v. Sumitomo Corporation, et al., Master Case No. 701679 (Cal. Super. - San Diego) – Co-Lead Counsel; settlement achieved - $100 million.

3. National Metals, Inc. v. Sumitomo Corp., No. 734001 (Cal. Super. - San Diego) – Co-Lead Counsel, settlements achieved with several defendants for $81 million.

4. In re Warfarin Sodium Antitrust Litigation, MDL 1232 (D. Del.) – Discovery Committee member and Co-lead Counsel in state case; settlement achieved in the companion national case - $44.5 million.

5. Ryan Rodriguez v. West Publishing Corp. and Kaplan, Inc., No. CV-05-3222 R(MCx) (Cal. Central District Court) – An antitrust class action where FT LLP served as one of three law firms alleging nationwide national antitrust violations. $49 million settlement finally approved.

6. In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation, No. 05cv1671 (C.D. Cal.) – Co-Lead Counsel in a certified class action lawsuit that alleges antitrust and common law violations which resulted in increased prices for RFG for purchasers. $48 million settlement achieved

### ONGOING REPRESENTATIVE ANTITRUST CLASS ACTION CASES

1. In Re Webkinz Antitrust Litigation, MDL 1987 (N.D. Cal.): Plaintiff retailers allege that Defendant Ganz, the manufacturer of Webkinz toys, violated federal antitrust laws and state consumer statutes by illegally tying the sale of popular Webkinz toys to the purchase of unrelated Ganz products, among other things.

2. In re Modafinil Antitrust Litigation, MDL 1797 (E.D. Pa.): Plaintiff purchasers allege that Defendant Cephalon entered into a conspiracy with the manufacturers of

generic versions of its drug Provigil, violating federal antitrust law by delaying the launch of generics and dividing the resulting profits.

3.  <u>In re Marine Hose Antitrust Litigation, MDL 1888 (S.D. Fla.)</u>: American purchasers of marine hoses allege that an international cartel of manufacturers violated federal antitrust laws by rigging bids, fixing prices, and conspiring to reduce competition in the marine hose industry.

4.  <u>In Re Air Cargo Shipping Services Antitrust Litigation, MDL 1775 (E.D. NY)</u>: Purchasers of air cargo shipping allege that major airlines organized a global price-fixing conspiracy to keep air cargo surcharges artificially high in violation of federal antitrust laws.

## CONSUMER CLASS ACTION LITIGATION

In federal and state courts throughout the country, the firm represents consumers who have been injured or defrauded. Our cases involve individuals or classes of individuals who have been physically or economically damaged by the wrongdoing of others. Some of our cases seek to obtain financial relief, medical monitoring, injunctions and revised notification for classes of plaintiffs. Some of the cases we have brought include:

SETTLED REPRESENTATIVE SECURITY BREACH CLASS ACTION CASES

1.  <u>In Re TJX Companies Retail Security Breach Litigation</u>, MDL 1838 (D. Mass.) Counsel in class action lawsuit alleging statutory and common law violations that resulted in a security breach of consumers' debit and credit card information. $200 million settlement achieved.

2.  <u>Lockwood v. Certegy Check Serv., Inc.</u>, No. 8:07-cv-01434-SDM-TGW (M.D. Fla.) Counsel in class action lawsuit alleging common law violations that resulted in a security breach of consumers' personal and financial information. Available benefits made to Settlement Class Members of over $500 million.

SETTLED REPRESENTATIVE CONSUMER CLASS ACTION CASES

1.  <u>Gael M. Carter, et al. v. Associates Financial Services Co., Inc., et al.</u>, No. 96cv4652 (Tex. Dist. – Dallas County) – The firm played a pivotal role in pursuing the claims of millions of class members in a number of suits in states across the country against The Associates n/k/a Citifinancial, alleging consumer fraud relating to home equity and personal loan terms. Settlements achieved in the state, federal and companion FTC cases totaling $240 million.

2.  <u>Cavan et al. v. Sears Roebuck & Co. and Whirlpool Corp.</u>, No. 04CH10354 (Ill. Circuit Court - Cook County) – Co-Lead counsel for consumer class action based upon the sale of Calypso® washing machines. Nationwide settlement reached and approved by the Court.

3.      In re Diet Drugs Products Liability Litigation, MDL 1203 (E.D. Pa.). Co-Chair of the Non-PMC litigation group prosecuting class certification of claims not advanced by Plaintiffs' Management Committee.

## ONGOING REPRESENTATIVE SECURITY BREACH CLASS ACTION CASES

1.  Ruiz v. Gap, Inc., No. CV07-05739-SC (N.D. Cal.)  Co-Lead Counsel in a class action lawsuit that alleges statutory and common law violations that resulted in a security breach of employee applicants' personal identifying information.

2.  Irwin v. RBS Worldpay, Inc., No. 1:09cv0033 (N.D. Ga.)  Counsel in a class action lawsuit alleging statutory and common law violations that resulted in a security breach of consumers' personal and financial information.

3.  In Re Hannaford Bros. Co. Customer Data Security Breach Litigation, MDL 1954 (D. Me.) Counsel in class action lawsuit alleging statutory and common law violations that resulted in a security breach of consumers' debit and credit card information.

4.  In re Heartland Payment Systems Inc. Customer Data Security Breach Litigation, MDL 2046 (S.D. Tex.).  Co-Lead Counsel in class action lawsuit alleging statutory and common law violations that resulted in a security breach of consumers' personal and financial information.

5.  Amburgy v. Express Scripts, Inc., No. 4:09-cv-00705 (E.D. Mo.).  Co-Lead Counsel in class action lawsuit alleging common law violations that resulted in a security breach of consumers' personal and financial information.

## ONGOING REPRESENTATIVE CONSUMER CLASS ACTION CASES

1.  In re Mattel Toy Recall Litigation, MDL 1897 – Executive Committee member in an action against Fisher-Price and Mattel in D.C. Superior Court under the District's Private Attorney General Action in connection with toys made with lead paint as well as a consumer action in the Central District of California against Mattel for the toys with magnetic parts which come loose.  The suits allege that consumers were harmed not only by the defective design and manufacture, but also by a piecemeal recall that left many families confused as to the proper procedures to follow.

2.  In re Avandia Marketing, Sales Practices and Products Liability Litigation, MDL 1871 - FT serves as a member of the Plaintiffs Steering Committee and Co-Chair of the Class Action Sub-Committee. The suit alleges that SmithKline Beecham Corporation d/b/a GlaxoSmithKline used marketing schemes to deliberately conceal and affirmatively misrepresent the significant heart attack or heart-disease related risks associated with the use of the Avandia, Avandamet and Avandaryl – medications used to treat Type II diabetes.

3.  In re "Light" Cigarette Litigation, No. 04cv1945 (E.D.N.Y) - Co-lead Counsel, more than

a dozen suits in states across the country against major tobacco manufacturers alleging consumer fraud relating to the manufacture and sale of so-called "light" cigarettes, in which the firm has been successful in obtaining class certifications in various states.

ONGOING REPRESENTATIVE THIRD-PARTY PAYOR CLASS ACTION CASES

1.   Ironworkers Local No. 399 and Participating Employers Health And Welfare Funds v. Janssen, L.P., No. 3:06-cv-03044-FLW-JJH (D.N.J)- FT is serving as Lead counsel of third-party payor class actions.  Janssen is alleged to have created, monitored and/or controlled various marketing firms, physicians and ghostwriters to promote and disseminate – through sponsored events and publications – misleading messages about safety and efficacy relating to the off-label use of Risperdal. The complaint alleges that as many as half of the prescriptions for Risperdal are for off-label use, helping to propel sales.

2.   Ironworkers Local Union No. 68 And Participating Employers Health And Welfare Funds, Ironworkers Local Union No. 399 And Participating Employers Health And Welfare Funds, And Ironworkers District Council Of Philadelphia And Vicinty Benefit And Pension Plan, v. Astrazeneca Pharmaceuticals, LP, In re Seroquel Products Liability Litigation, MDL 1769 (M.D. Fla.)- the firm is serving as a member of the Steering Committee for third-party payor class actions alleging an off-label promotion and marketing scheme which resulted in as much as seventy-eight percent of the prescriptions for Seroquel are for off-label use, leading to increased sales and health risks.

3.   Ironworkers Local Union No. 68 And Participating Employers Health And Welfare Funds; Ironworkers Local Union No. 399 And Participating Employers Health And Welfare Funds; and Ironworkers District Council Of Philadelphia And Vicinity Benefit And Pension Plan; v. Amgen, Inc., In Re Amgen Off-Label Marketing Litigation, MDL 1934 (C.D. Cal.).  The suit details Amgen's illegal promotion and marketing of the Anemia Drugs for off-label use or at doses that result in levels of hemoglobin that are higher than those approved by the FDA as safe and effective. A significant percentage of the prescriptions written for Aranesp and Epogen are for off-label use.  The suit alleges that increased demand also increased the price of the drugs.

## FALSE CLAIMS ACT LITIGATION

The firm maintains an active practice under the Federal False Claims Act (also known as the "*Qui Tam*" litigation).  Through representation of whistleblowers who have independent knowledge of government contract fraud, the firm seeks to secure the return of millions of dollars to federal and state treasuries. Currently, the firm has investigated and filed *qui tam* claims in connection with the student loan industry.  The following are matters that have been unsealed and in litigation:

1.   Batiste v. SLM Financial Corporation, No. 1:08-cv-00425-RJL (D.D.C.) FT seeks to recover for the U.S Government, under the False Claims Act, 31 U.S.C. §§3129-3732, treble

damages and civil penalties arising from Sallie Mae's alleged false statements, false claims and regulatory non-compliance while designated an Exceptional Performer by the United States Department of Education. Sallie Mae's alleged violations of the False Claims Act arise from its systemic failure to service loans and abide by forbearance regulations as required by Title IV of the Federal Higher Education Act and its receipt of U.S. subsidies to which it was not entitled by getting false claims allowed or paid through the Federal Family Educational Loan Program.

2. Lopez v. Strayer Education, Inc., No.1:08-cv-00589-LO-TRJ (E.D. Va.) FT seeks to recover for the U.S Government, under the False Claims Act, 31 U.S.C. §§3129-3732, treble damages and civil penalties arising from Strayer Education, Inc., and Strayer University, Inc. arising from their alleged false statements, records, claims and regulatory non-compliance with the incentive ban, with respect to all Federal Family Education Loan Program, Pell grants, Federal Supplemental Opportunity grants, Stafford and PLUS loan proceeds.

3. United States ex rel. Vigil v. Nelnet, Inc., et al., No. 8:07cv266 (D. Neb.) FT seeks to recover for the U.S Government, under the False Claims Act, 31 U.S.C. §§3129-3732, treble damages and civil penalties arising from Nelnet's alleged false statements, false claims and regulatory non-compliance while designated an Exceptional Performer by the United States Department of Education. The suit also joins JP Morgan Chase and Citigroup as defendants alleging the regulatory non-compliance with the incentive compensation prohibition, with respect to all Federal Family Education Loan Program, Pell grants, Federal Supplemental Opportunity grants, Stafford and PLUS loan proceeds.

## COMMUNICATIONS AND COPYRIGHT LAW PRACTICE

The firm lawyers have represented clients in federal courts and before administrative agencies (such as the Copyright Royalty Tribunal, the Copyright Office, and the Federal Communications Commission) and the U.S. Congress. Clients include foreign and domestic media firms with interests in broadcasting, entertainment, cable television and satellite communications.

**TRACY D. REZVANI**
Partner

TRACY D. REZVANI joined FINKELSTEIN THOMPSON LLP in September 1996. Ms. Rezvani practices in the fields of consumer, antitrust and securities fraud litigation. She is a 1993 graduate of the University of Maryland-College Park where she received a Bachelor of Science degree in Business & Management. Ms. Rezvani then attended the George Washington University Law School where she received her Juris Doctor in May 1996. At George Washington University, Ms. Rezvani was a member editor of *The George Washington Journal of International Law & Economics*.

Ms. Rezvani is a member of the District of Columbia and Maryland Bars and is admitted to practice before the United States Supreme Court, the United States Court of Appeals for the District of Columbia Circuit, and the U.S. District Courts for the Districts of Maryland the District of Columbia and the District of Colorado. Ms. Rezvani served as an editor for the Iranian-American Bar Association's *IABA Review* from 2005 to 2007.

Her published works include

- *From Marbury to Rasul: Two Centuries' Expansion on the Question of Jurisdiction*, 1 IABA Review 10 (Winter 2005)
- *The Plight of Padilla: The Impact of Supreme Court Decisions on the Future of Detainees*, 2 IABA Review 12 (Spring 2006).
- *Class Counsel: Conflicts Between Duties To The Class Representative And To The Class*, ABA Antitrust Compliance Bulletin, (Vol. 1, No. 4 November 2007).
- Contributor to The District of Columbia's Practice Manual, *Consumer Protection*, Chapter 8 (2007, 2009 editions)

Ms. Rezvani practices in the Washington, D.C. office.

## ROSEMARY M. RIVAS
Partner

ROSEMARY M. RIVAS joined FINKELSTEIN THOMPSON LLP in October 2006 and practices in the fields of antitrust, consumer fraud, and securities litigation. Before joining Finkelstein Thompson LLP, she worked at a San Francisco based law firm representing consumers in class action litigation. Ms. Rivas graduated from San Francisco State University in 1997 and received a Bachelor of Arts in Political Science. She received her Juris Doctorate from the University of California, Hastings College of Law in 2000. While in law school, Ms. Rivas served as the Senior Note Editor for the Hastings Constitutional Law Quarterly and was honored with the American Jurisprudence Award in Wills and Trusts.

In 2009, Ms. Rivas was selected as a *Rising Star* by Law & Politics Magazine which recognizes the best lawyers 40 years old or under or in practice for ten years or less. Ms. Rivas is court-appointed interim co-lead class counsel in *In Re Facebook PPC Advertising Litigation*, Case No. C 09-03043 JF (N.D. Cal.) and also serves in a leadership capacity in a number of other complex cases, including *In Re DirecTV Early Cancellation Fee Litigation*, Case No. 09-MDL-2093 AG (C.D. Cal.).

Ms. Rivas is a member of the California bar and is admitted to practice in the Central, Eastern, Northern, and Southern U.S. District Courts of California. Ms. Rivas is also admitted to practice before the Ninth Circuit Court of Appeals. Previously, she served as a Board Member and Diversity Director of the Barristers Club of the San Francisco Bar Association.

She practices in the firm's San Francisco office.

## MARK PUNZALAN

Associate

MARK PUNZALAN has been associated with FINKELSTEIN THOMPSON LLP since June 2007 and practices in the fields of securities, consumer, and antitrust litigation. Mr. Punzalan received his Bachelor of Arts in Political Science from the University of California, Los Angeles, and received his Juris Doctor from Santa Clara University School of Law. While in law school, Mr. Punzalan received a Best Brief award and CALI Excellence for the Future Award in Appellate Advocacy and was a Committee Chair for the Honors Moot Court Board.

Mr. Punzalan is currently the Chair of the Intellectual Property and Internet Law Section for the Bar Association of San Francisco's Barristers Club. He also serves on the Board of the Filipino Bar Association of Northern California (FBANC) and is a member of the Asian American Bar Association of the Greater Bay Area (AABA).  Mr. Punzalan is a member of the California Bar and is admitted to practice in the United States District Courts for the Northern, Central, and Southern Districts of California. He practices in the San Francisco office.

## SHERI L. KELLY
(Former) Associate

SHERI L. KELLY joined FINKELSTEIN THOMPSON LLP in June 2007. Ms. Kelly practices in the fields of antitrust litigation and consumer fraud. She is a 1997 graduate of the University of California, Berkeley, where she received her Bachelor of Arts in Philosophy and was a member of the speech and debate team. Ms. Kelly received her Juris Doctorate from the University of California, Hastings College of the Law in 2003. While in law school, she served as the Executive Editor of the Hastings Women's Law Journal. Ms. Kelly also served as an extern to the Hon. James R. Lambden of the California Court of Appeal in 2002.

Ms. Kelly is a member of the California Bar and is admitted to practice in the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California. She is the Vice-Chair of the Small Firm and Solo Section of the Barristers Club of the San Francisco Bar Association.

## ELISA P. LAIRD
(Former) Associate

ELISA LAIRD joined FINKELSTEIN THOMPSON LLP in March 2006. Ms. Laird graduated cum laude from East Carolina University in 1995, where she received her Bachelor of Science in Communications and Minor in Sign Language Interpreter Preparation.  She attended Golden Gate University School of Law and received her Juris Doctorate in 2002.  Ms. Laird is the author of "The Law is Straight and Narrow, How American Courts Define Families," published by the Feminist Legal Theory Symposium of the Cardozo Women's Law Journal. Prior to attending law school, Ms. Laird worked for over seven years as a sign language interpreter and a deaf services coordinator.

Ms. Laird is a member of the California bar.

## SHEEREE I. RENWICK
Paralegal

SHEREE RENWICK joined FINKELSTEIN THOMPSON LLP in September 2007. She is a graduate of University of Miami, where she received a Bachelor of Business Administration degree in Finance in 2007.  Prior to joining FT LLP, Ms. Renwick worked as an immigration legal intern at a San Francisco law firm.

Ms. Renwick works in the San Francisco office.