Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California  94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Norman E. Siegel
siegel@stuevesiegel.com
Todd Hilton
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*Co-lead Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARKINSON, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA, INC., a California Corporation,<br><br>Defendant. | Case No.  SACV 06-345 AHS (MLGx)<br><br>**DECLARATION OF ERIC H. GIBBS IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Date:    June 28, 2010<br>Time:   11:00 a.m.<br>Before: Hon. Alicemarie H. Stotler |

DECL. OF ERIC H. GIBBS ISO PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO. SACV 06-345 AHS (MLGx)

I, Eric H. Gibbs, declare and state as follows:

1. I am a member in good standing of the State Bar of California and a partner of Girard Gibbs LLP, one of the law firms serving as Co-lead Class Counsel in the consolidated action against Defendant Hyundai Motor America, Inc.

**The Proposed Settlement**

2. I submit this declaration in support of Plaintiffs' motion for final approval of the parties' Settlement Agreement dated January 28, 2010, a true and correct copy of which was previously provided to the Court at the preliminary approval stage.  (*See* Doc. 273-2.)  For the Court's convenience, an additional copy (without exhibits) is attached as **Exhibit 1**.

3. I submit this declaration in support of Plaintiffs' motion for final approval of the parties' Settlement Agreement dated January 28, 2010, a true and correct copy of which has been submitted to the Court as **Exhibit 2** to this declaration.

4. The Settlement Agreement is the result of arm's-length negotiations between the parties that spanned several years and involved a number of mediation sessions.  Lew Goldfarb, an experienced automobile industry executive and mediator in automobile defect cases presided over extensive negotiations between the parties in 2007 and 2008.  More recently, in August 2009, the parties mediated their dispute with David A. Rotman, of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder, which led to agreement on the terms of the settlement now before the Court.  In the course of preparing the formal settlement documents, a further dispute arose between the parties, which was resolved with Magistrate Judge Goldman's assistance at a January 2010 settlement conference.  At no point during the course of any of these settlement negotiations did the parties discuss or agree on any payment to Plaintiffs or their counsel.  Plaintiffs' request for an award of attorneys' fees and expenses is currently being contested by Hyundai.

**Class Member Reaction To The Proposed Settlement**

5. In its order preliminarily approving the settlement, the Court directed Hyundai to mail notice of the proposed settlement to all reasonably identifiable current

and former owners and lessees of class vehicles. Hyundai has informed Class Counsel that it has identified 32,449 such people and mailed them notice of the proposed settlement, of which 5,163 have been returned as undeliverable. Hyundai reports that it is processing this returned mail and re-mailing where a different address is obtainable from its records.

6. In addition to Hyundai's mailed notice, Class Counsel has emailed notice of the proposed settlement to approximately 2,500 Hyundai owners who contacted Class Counsel over the past five years to share their experiences and asked to be kept apprised of the litigation. Attached as **Exhibit 3** is a copy of the emails that were sent to these Hyundai owners.

7. We have received a positive reaction from class members who have contacted us regarding the settlement. A copy of the written correspondence Class Counsel has received is provided for the Court's review as indicated below. In addition, Class Counsel have spoken to about two hundred Hyundai owners by telephone, who have generally been very enthusiastic about the settlement.

8. While the written correspondence received from class members does not always fall neatly into categories, we have attempted to group the correspondence for the Court's convenience. In all cases, we have redacted class members' personal information (other than first name, last initial, and city/state of residence). Many of the class members replied directly to the emails sent by Class Counsel and attached as Exhibit 2. To conserve space, those emails have been omitted from the string and only the class member's response is provided.

9. Attached as **Exhibit 4** are comments (including thanks) that we have received from class members regarding the settlement.

10. Attached as **Exhibit 5** are questions that we have received from class members regarding the settlement; for example, many class members have written to inquire whether they are covered by the settlement and/or how to submit a claim.

11. Attached as **Exhibit 6** are comments we have received from class members

since notice of the proposed settlement was disseminated that are not directly related to the settlement.  In many cases, class members have simply shared their experiences paying for flywheel system repairs that are covered by the settlement.

12. Attached as **Exhibit 7** are comments and questions we have received from owners of vehicles other than the 2003 Hyundai Tiburon GT.  These people are not part of the certified class and so cannot recover under the settlement, but their interest is informative in that it suggests that the proposed settlement is a desirable one that people want to be part of.

13. One class member has filed an objection to the settlement, which is attached as **Exhibit 8**.

14. In addition, we have received nine requests to be excluded from the settlement, which are attached as **Exhibit 8**.  These include eight people who sent exclusion requests to the Settlement Administrator at the address provided on the class notice, and one person who wrote to the Court stating that he "do[es] not want any part of this Class Action Settlement."  (Doc. 296.)  It appears that many if not all of these nine people did not incur a flywheel system repair, so are not in the class in the first place and do not need to opt out.  To ensure that these nine people are not bound by the settlement, however, they are specifically excluded from the proposed final judgment submitted to the Court.

15. The proposed settlement is being administered by Hyundai personnel, who are required to submit regular reports to Class Counsel.  As of June 1, 2010, Hyundai has reported receiving 867 claims under the settlement.  Of these, 32 are from persons on the original registered owner mailing list.  Sixty five of the claim submissions included a copy of postcard sent to dealers requesting that the dealer locate their repair records and submit to Hyundai; so far, Hyundai has receive 37 submissions of repair records from dealers.  The deadline for class members to submit claims to Hyundai is October 26, 2010.

1  I declare under penalty of perjury that the foregoing facts are true and correct to
2  the best of my knowledge and belief. Executed this 4th day of June 2010, at San
3  Francisco, California.

                                      /s/ Eric H. Gibbs

DECL. OF ERIC H. GIBBS ISO PLAINTIFFS' MOTION FOR FINAL APPROVAL
SACV 06-345 AHS (MLGx)